JOHN W. SCOTT v. CALVIN J. GREEN.

*Arbitration and Award—Evidence—Judge's Discretion—Partnership.*

1. An award in writing, like a written contract, cannot be added to or varied. It speaks for itself, and is not open to proof of the "understanding" of the arbitrators as to its effect.

2. Where incompetent evidence is received without objection, the party affected by it cannot afterwards complain.

3. It is discretionary with the presiding judge whether he will recall the jury and submit instructions, which were not presented until the charge was finished and the jury had retired to consider of their verdict.

4. Upon settlement of a partnership, the liabilities of the members growing out of the joint business were disposed of, leaving the plaintiff as his separate property an unpaid claim due the firm; *Held*, that such claim no longer constitutes an item in the partnership account, and that the plain-

tiff is entitled to his action to recover the same. (This controversy grew out of relations existing between a creditor and a debtor firm, the defendant being a member of both: the character of the debt in such caste, stated).

APPEAL from a justice's judgment heard at Fall Term, 1883, of ORANGE Superior Court, before *MacRae, J.*

The defendant appealed.

*Messrs. Graham & Ruffin,* for plaintiff.
No counsel for defendant.

SMITH, C. J, The plaintiff alleges that the partnership firm of Scott, Green & Co. (consisting of the plaintiff, the defendant, and Asa Green) engaged in the business of milling, in the year 1871, sold to the partnership firm of Green & Castleberry, of which the defendant was also a member a lot of lumber at the price of fifty-two dollars and a half, for the recovery whereof the present action was begun before a justice of the peace, and from his judgment removed by appeal to the superior court. That there was a settlement of the parntership matters of Scott, Green & Co., under a reference to arbitrators, and their award made on February 28th, 1877, wherein the present claim was assigned to the plaintiff as his separate property, with other effects of the firm, and, among others, a sum of money awarded to the defendant, to be paid by the plaintiff.

The defendant denied his personal liability for the lumber, asserting that it was furnished to himself and Asa Green by Castleberry, who cut it from defendant's land, carried it to the saw-mill of Scott, Green & Co., to be sawed, and thence removed by Castleberry, who alone is responsible for the work done at the mill.

There were no issues drawn up for the jury, and the evidence was somewhat conflicting. Under the charge of the court, a verdict was found in favor of the plaintiff, and from the judgment the defendant appeals to this court.

On the trial before the arbitrators, H. Wetherspoon, examined for the plaintiff, testified that while the cash and account books of Scott, Green & Co. were not produced, and were said to be lost, "whatever might be due the firm was turned over to J. W. Scott."

On his cross-examination by the defendant's counsel, the witness reiterated the statement that all due the firm on the saw-mill books were to go to Scott, and it was intended to give him all.

The counsel then put this question, which, on objection, was ruled out: Was not the idea of the arbitrators this—that the assets were composed of the debts due from third parties and not from Asa and C. J. Green?

To this ruling the defendant excepts, and this is the first exception shown in the record.

The excluded inquiry was an effort to extract from the witness, not evidence of the terms of the award nor of what was done in pursuance of it, but to show what was the understanding or idea of the arbitrators of the effect of their action in the case, and not what their action and award were. The award was in writing, and must speak for itself. Its terms could no more be added to or varied than could be a written contract between the parties.

We do not say that the evidence elicited by the plaintiff would have been competent, for it seems to trench upon the rule which forbids the introduction of other proof than the writing itself of its terms and import, but no objection was made and the defendant cannot complain that the jury were permitted to hear it.

But the question propounded for the defendant goes further, and seeks to give a meaning to the award, founded on the unexpressed intention of those who made it, and thus give form to their purposes.

This was clearly inadmissible, and the court did not err in refusing to allow the question to be answered.

The defendant's counsel, when the testimony was concluded, asked for instructions, which the court required to be put in writing, and they were not presented until the charge was finished and the jury had retired to make up their verdict.

These instructions were as follows:

1. If the jury believe from the evidence that the defendant was a partner in the saw mill firm with the plaintiff, and received the bill of lumber as a partner, the defendant is not liable.

2. If the account sued on was contracted in 1871, and the award made in February, 1877, the plaintiff is not entitled to recover.

3. If the jury believe that the lumber was furnished to the defendant and Asa Green, partners of the firm of Green & Castleberry, under their partnership agreement that they were to furnish the lumber and Castleberry to pay for the lot, the plaintiff must fail.

4. If the jury find that the logs were cut, and hauled by the teams of Asa and C. J. Green, and cut by the mill of Scott, Green & Co., the plaintiff cannot recover.

The charge delivered by the court was as follows:

If, upon a settlement of the partnership accounts of Scott, Green & Co., it was agreed by the members that Scott should take all the assets, and among the assets was the account against the defendant and Castleberry, who, with Asa Green, composed the firm of Green & Castleberry, and if the plaintiff has proved the account to the satisfaction of the jury, you will find the issues for the plaintiff—the only evidence of the amount delivered being 3,500 feet, which, at $1.50 per hundred, would be $52.50.

If, however, there was no agreement between the partners that the plaintiff should have the firm assets, it is still a partnership matter unprovided for in the settlement of the partnership, and the defendant being a member of both firms, the action will not lie.

The statute of limitations does not bar the action, since up to the award and assignment in February, 1877, if any debt from Green & Castleberry to Scott, Green & Co. then existed, it would not have been put in suit, and the statute did not run.

Understanding the judge when submitting to the jury an inquiry as to an *agreement* between the partners to refer to the results of the arbitration under their agreement and in pursuance of its terms, we can discover no just grounds of complaint furnished the defendant in the manner in which the case was presented to the jury. The views of each were explained, and the law arising from the different aspects of the proofs, as the facts should be found, was properly expounded in a brief manner, so as to enable the jury to pass upon the merits of the controversy and arrive at a just conclusion.

The claim was not in strictness a legal debt, inasmuch as the defendant was a member of both firms, but in a court of equity it was deemed the debt of one firm to another, and as such, was to be taken into account in the adjustment of their business relations. When the affairs of the creditor firm were settled by the arbitration, and the liabilities of the members, *inter sese,* growing out of the joint business fully disposed of, leaving to the plaintiff all the unpaid claims due to the firm, this now in suit was separated as an independent claim against the debtor partnership, and became capable of collection as claims against other persons were, no longer constituting an item in the partnership account to be disposed of in a final settlement.

If this and all other outstanding accounts against debtors to Scott, Green & Co. were assigned, and this the jury in their verdict say, to the plaintiff, we do not see why he may not recover; for there is no longer a common party to each side of the contract, and the indebtedness is to the plaintiff alone.

But if any part of the instructions, if presented in apt time, ought to have been given, it was no error in the judge to refuse (and his refusal is only an implication from his not submitting the instructions) to recall the jurors from their retirement and

reopen the proceedings, to the end that this should be done. This is but the exercise of an unreviewable discretion, and we do not suppose any judge would hesitate to exercise it liberally in a proper case to secure a correct verdict and the fair administration of justice between litigants.

Equally untenable is any objection to the interpretation put upon the statute of limitations, if that defence be regarded as before the jury. There is no error, and the plaintiff is entitled to judgment.

No error.                                          Affirmed.