BORDEN, INC. v. JAMES C. BROWER, T/A HARVEST MILLING COMPANY

No. 721SC130

(Filed 17 January 1973)

1. Rules of Civil Procedure § 56— motion for summary judgment — affidavits containing facts inadmissible in evidence

Affidavits or other material setting forth facts which would not be admissible in evidence should not be considered when passing on a motion for summary judgment. G.S. 1A-1, Rule 56 (e).

2. Bills and Notes § 19; Evidence § 32— action on note — parol evidence contradicting contents of note

Where the parties met annually for the purpose of going over the accounts between them and arriving at year-end settlements and, after agreeing upon such an account stated in one such meeting, embodied the results of their agreement in a written note in which defendant unequivocally promised to pay the plaintiff the amount they had agreed defendant then owed, the parol evidence rule prohibits defendant from presenting evidence of a parol agreement that he be credited on his note for the amount of two past due customer notes for ascertained amounts which were in defendant's possession at the time he executed the note to plaintiff, since such evidence would contradict the clear obligation set forth in defendant's written note.

APPEAL by defendant from Cohoon, Judge, 9 August 1971 Session of Superior Court held in PASQUOTANK County.

This is a civil action to recover $7,705.94 with interest, which plaintiff alleged was the balance due on a sealed negoti-

able promissory note executed by defendant payable to the order of plaintiff. The note was dated 25 July 1969, was in the original principal amount of $11,970.00, and became due on 1 December 1969. As an affirmative defense and counterclaim, defendant alleged that from 1963 through 1969 he was a salesman for plaintiff or for one of its predecessor corporations; that from 1963 through 1967 one Messersmith was the sales representative and agent for plaintiff and its predecessor corporations for the purpose of making sales and credit arrangements in North Carolina; that on 12 July 1963 said agent made a sale of fertilizer products on credit to one L. C. Parrish and secured from the said Parrish a note in the amount of $5,152.91 with chattel mortgage and agricultural security agreement in favor of plaintiff's predecessor corporation; that in 1967 Messersmith made sales on credit to one Curtis Scott and accepted a note from Scott in the amount of $1,589.81 payable to plaintiff; that plaintiff's said agent, Messersmith, requested defendant's permission to run the Parrish and Scott accounts in under defendant's account with plaintiff, to which the defendant agreed with the understanding that he would not be responsible for these accounts. Defendant alleged "that the plaintiff corporation would periodically prepare notes which the defendant would sign on his account, but that these notes were a part of the plan of bookkeeping of the plaintiff, through its agent, Owen Messersmith, and was with the express understanding and agreement that the Parrish and Scott notes which were made payable to the plaintiff corporation or its predecessor corporations and division corporations would be charged to the plaintiff corporation and would be credited to the defendant's account with the plaintiff corporation whereby the defendant's account would show a credit in the amount of the Parrish and Scott notes without recourse against the defendant." Defendant further alleged that if he was indebted to plaintiff in any amount on the note alleged in the complaint, then he was entitled to judgment against plaintiff in the amount of the Parrish and Scott notes, plus interest, "by virtue of the breach of the plaintiff's contract to accept the notes of L. C. Parrish and Curtis Scott without any recourse to this defendant." Defendant prayed for an accounting of all transactions between him and plaintiff and its predecessor corporations, and that any note or other documents signed by him be corrected "to correct the mutual mistake in the accounting and in the execution of notes, and so as to eliminate the L. C. Parrish and the Curtis Scott

accounts and notes from the defendant's account." In the alternative, defendant prayed that he recover of plaintiff the amount of the Parrish and Scott notes, plus interest.

Plaintiff replied to defendant's counterclaim, pleading that the written agency contract under which defendant had been appointed an agent for the sale on commission of plaintiff's fertilizer products (a copy of which was attached as an exhibit to the reply) and annual settlements between the parties for each of the ten years prior to execution of the note in suit bar defendant's counterclaim and defenses. On the same date on which plaintiff filed its reply, plaintiff moved for summary judgment in its favor, supporting this motion by an affidavit of P. J. Scearce, its branch manager, and by portions of defendant's deposition taken on adverse examination. In his deposition defendant admitted that he had executed the note in suit at the time of his 1969 settlement with the plaintiff company and that the amount of the note, $11,970.00, reflected the amount which plaintiff's records showed he owed at that time, after striking a balance between them as had been done in past years. The affidavit of Mr. Scearce contained the following:

"1. At all times from 1941 to the present time, he has been Branch Manager for the plaintiff corporation and its predecessors in interest, The Borden Company and Smith-Douglass, Inc., and as such he was the overall supervisor of the defendant in connection with all of his business relations with plaintiff and its predecessors regarding the action in suit. The statements hereinafter set forth are based upon my personal recollection and from records prepared under my direction and supervision.

"2. Annually, from at least 1959 to 1969, plaintiff, or its predecessors, and the defendant, struck a balance owing on the account between them for the prior fiscal year, together with any sum unpaid on the settlement for the previous year and defendant executed under seal and delivered to plaintiff his negotiable promissory note payable to the order of plaintiff in the sum of the balance so agreed upon.

"3. The promissory note executed by defendant in favor of plaintiff's predecessor at the time of the July 1964 settlement covered and included, among other things, debits against defendant's account in connection with all the transactions among L. C. Parrish, the defendant, and

plaintiff's predecessor. This note was paid in full and satisfied by the defendant, ultimately, through the execution and delivery to plaintiff's predecessor of the promissory note covering the balance struck at the July 1965 settlement, which note was paid and satisfied in full by defendant, ultimately, by reason of defendant's payment credited to him on 20 January 1966.

"4. The promissory note executed by defendant in favor of plaintiff's predecessor at the time of the July 1968 settlement, covered and included, among other things, debits against defendant's account in connection with all the transactions among Curtis Scott, the defendant, and plaintiff's predecessor. This note was paid in full and satisfied by the defendant, ultimately, by reason of defendant's payment credited to him on 5 March 1969.

"5. The promissory note involved in this action, executed by defendant at the time of the 1969 settlement between the parties, was payable to plaintiff's order in the sum of $11,970, together with interest. This note covered new purchases of merchandise debited to defendant's account after the time of the July 1968 settlement mentioned in the last paragraph. The balance owing to plaintiff on this note, after defendant has received all credits to which he is entitled, is in the sum of $7,705.94, together with interest thereon at the rate of 6% per annum from 25 July 1970."

In opposition to plaintiff's motion for summary judgment, defendant offered his verified answer and counterclaim, two affidavits of Messersmith, the affidavit of one Hollingsworth, his own affidavit, and portions of his own deposition. These supported defendant's contention that an oral agreement had been made between defendant and plaintiff's agent, Messersmith, to the effect that while defendant would "run" the Parrish and Scott accounts through his business, this was "merely for bookkeeping purposes" and was done with the understanding that defendant would not be personally responsible for these accounts.

The court allowed plaintiff's motion to strike defendant's evidence and granted summary judgment in favor of plaintiff against defendant in the sum of $7,705.94 with interest. Defendant excepted and appealed.

*LeRoy, Wells, Shaw, Hornthal & Riley by L. P. Hornthal, Jr., for plaintiff appellee.*

*H. Wade Yates for defendant appellant.*

PARKER, Judge.

If defendant's evidence was properly stricken, there remained no genuine issue as to any material fact and plaintiff was entitled to summary judgment as a matter of law. Thus, the question presented by this appeal is whether the trial court ruled correctly in striking defendant's affidavits. We hold that it did.

[1, 2] Affidavits filed in support of or in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence." G.S. 1A-1, Rule 56(e). The converse of this requirement is that affidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered when passing on the motion for summary judgment. In the present case we hold, as did the trial court, that the material facts set forth in defendant's affidavits were inadmissible in evidence because of the parol evidence rule.

In discussing this rule, Professor Stansbury said:

> "The parol evidence rule, as customarily phrased, prohibits the admission of parol evidence to vary, add to, or contradict a written instrument. Notwithstanding this mode of expression, the rule is in reality not one of evidence but of substantive law. It does not place restrictions on the manner of proving a fact in issue, but declares certain facts to be legally ineffective and therefore not provable at all." Stansbury, N. C. Evidence 2d, § 251, p. 603.

The traditional phrasing of the rule has been much criticized, and the following has been suggested as to a more accurate statement: "Any or all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superseded and made legally ineffective by the writing." Chadbourn and McCormick, "The Parol Evidence Rule in North Carolina," 9 N.C.L. Rev. 151, at p. 152. However the rule be phrased, where the parties themselves have chosen to bring certainty to their affairs by reducing their agreement to writing, the purpose of the rule is to further that desirable objective.

Troublesome questions may be presented in particular cases as to whether the parties did intend that their entire understanding be embodied in their writing, and it is difficult to reconcile all of the decided cases in this field. In the present case, however, we think that all circumstances, when viewed objectively, make it manifest that in this case the entire agreement of the parties was embodied finally in the note which is the subject of this action.

For years the parties had met annually, customarily in July and shortly after the close of plaintiff's fiscal year, for the purpose of going over the accounts between them and arriving at year-end settlements. "Where parties, who have had business dealings resulting in claims against each other, consider the claims in their entirety and have a complete accounting of all transactions between them, agreeing upon a final balance in favor of one or the other, such an agreement is certainly an account stated." *Teer Co. v. Dickerson, Inc.,* 257 N.C. 522, 126 S.E. 2d 500. Annually, after agreeing upon such an account stated, the parties embodied the results of their agreement in a written note, signed by defendant, in which he unequivocally promised to pay to plaintiff the amount which, by arriving at the account stated, he agreed he then owed. Such was the note here in suit. The obvious purpose of having annual settlement of accounts was to require each party to assert all claims against the other promptly and at a time when memories were fresh and evidence readily available. The obvious purpose of reducing the results of their settlement to writing in the form of a note was to bring certainty to their agreement and to avoid controversy over its terms. These desirable purposes are achieved by application of the parol evidence rule.

It is true that our Supreme Court has stated that "[i]n proper cases it may be shown by parol evidence that an obligation was to be assumed only upon a certain contingency, or that payment should be made out of a particular fund or otherwise discharged in a certain way, or that specified credits should be allowed." *Kindler v. Trust Co.,* 204 N.C. 198, 167 S.E. 811. Cases cited by appellant, such as *Bank v. Winslow,* 193 N.C. 470, 137 S.E. 320 (held, parol evidence properly admitted to show oral agreement that note was to be paid from proceeds of sale of peanuts held in storage by payee) and *Evans v. Freeman,* 142 N.C. 61, 54 S.E. 847 (held, parol evidence should have been allowed to show oral agreement that a note given to purchase

Borden, Inc. v. Brower

the right to sell a patented automatic stock feeder in Hertford County was to be paid from proceeds of sales of such stock feeders), were of this type. In those cases, however, the payment source was not yet liquidated at the time the notes were signed and the amount of the credits and dates payments would be received was not then known. In the case before us the defendant claims the right by virtue of parol agreement to be credited on his note for the amount of two customer notes, both of which were past due, for amounts ascertained, and which were in defendant's possession at the time he signed and delivered the note in suit. No future event was necessary for defendant to receive the credits to which he now claims by oral agreement he was then entitled. To allow the parol evidence under these circumstances would not supplement but would flatly contradict the clear obligation set forth in his written note.

We make no attempt to reconcile all prior decisions, as each case must of necessity be decided on its own facts. We do hold that where, as in the present case, the actions of the parties clearly manifest their intention that their entire agreement be included in the written note, the promise set forth in the note may not be contradicted or destroyed by parol testimony that the maker thereof would not be called upon to pay in accordance with its terms. This holding is consistent with the more recent expressions of our Supreme Court, such as contained in *Vending Co. v. Turner*, 267 N.C. 576, 148 S.E. 2d 531, and *Bank v. Slaughter*, 250 N.C. 355, 108 S.E. 2d 594.

In passing, we note that defendant's own evidence discloses that Messersmith, the agent of plaintiff with whom defendant alleged he had the oral agreement, was no longer in plaintiff's employ at the time the note in suit was executed. (Second affidavit of Owen Messersmith, filed 6 July 1971.)

The judgment appealed from is

Affirmed.

Judges BRITT and HEDRICK concur.