THOMAS E. MOORE v. BEACON INSURANCE COMPANY

No. 8126DC245

(Filed 17 November 1981)

**Insurance §§ 68.7, 69— automobile insurance—uninsured motorist—medical payments—no double recovery**

An insured cannot collect his medical expenses for injuries received in an automobile accident under the uninsured motorist provision of his automobile policy and then again under the medical payments provision. However, where defendant insurer paid plaintiff insured $2,200 under the uninsured motorist provision and plaintiff executed a general release which made no specific reference to medical expenses, and the evidence was conflicting as to whether plaintiff's medical expenses were included in the $2,200, a genuine issue of material fact was presented as to whether the $2,200 paid by defendant to plaintiff included payment for plaintiff's medical expenses.

APPEAL by defendant from *Bennett, Judge.* Judgment entered 1 December 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 15 October 1981.

This is a civil action wherein plaintiff, insured, seeks to recover from defendant, insurer, $300 pursuant to the medical payments provision in plaintiff's automobile insurance policy.

On 18 September 1978 plaintiff, while driving his automobile, was injured in a collision with an automobile operated by an uninsured motorist. On 2 July 1979 the defendant paid to plaintiff, under the provisions of the uninsured motorists clause in the liability insurance policy, $2,200 for which plaintiff executed and delivered to defendant a general release.

Thereafter, plaintiff instituted this action, pursuant to the medical payments clause in the insurance policy, against the defendant to recover his medical expenses incurred as a result of injuries received in the accident. Defendant filed answer denying any liability to plaintiff under the medical payments provision in the policy and alleged that such expenses had been paid under the uninsured motorists provision in the policy.

Both parties filed motions for summary judgment. Defendant, during discovery, filed a request that plaintiff "[a]dmit that a portion of the $2,200 settlement of the Plaintiff's uninsured motorist claim was for the purpose of reimbursing the Plaintiff for his

medical expenses incurred as a result of the automobile accident in which he was involved on September 18, 1978. . . ." Plaintiff, in his answer to defendant's request for admission, filed a denial. The court thereafter entered a summary judgment that plaintiff recover $290 pursuant to the medical payments coverage afforded by defendant and that defendant pay plaintiff's attorney's fees. From such summary judgment, defendant appealed.

*Haynes, Baucom, Chandler, Claytor & Benton, by W. J. Chandler, for plaintiff appellee.*

*Casstevens & Hanner, by Dorian H. Gunter, for defendant appellant.*

HEDRICK, Judge.

In order to determine the propriety of summary judgment for plaintiff, we first consider the nature of the protection afforded plaintiff by the uninsured motorist provision in his automobile liability policy. Uninsured motorist coverage provides the same protection to a person injured by an uninsured motorist as one injured by a tortfeasor with standard liability coverage. *Williams v. Nationwide Mutual Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967); 7 Am. Jur. 2d, Automobile Insurance, § 293 (1980). We therefore conclude that plaintiff's claims or rights against the defendant pursuant to the uninsured motorist provision in his policy are the same as his rights against a tortfeasor with an ordinary liability insurance policy.

We next consider plaintiff's and defendant's rights and obligations under the medical payments provision of the insurance policy. It is well-settled in North Carolina that an insurer is subrogated to its insured's rights to recover medical expenses resulting from injuries inflicted by a tortfeasor when the insurer has paid such medical expenses pursuant to a medical payments provision in the insurance policy. *See Carver v. Mills*, 22 N.C. App. 745, 207 S.E. 2d 394, *cert. denied*, 285 N.C. 756, 209 S.E. 2d 280 (1974); *Milwaukee Insurance Co. v. McLean Trucking Co.*, 256 N.C. 721, 125 S.E. 2d 25 (1962). On the same equitable principles, if the insurer has made payments to the insured for the loss covered by the policy and the insured thereafter recovers for such loss from the tortfeasor, the insurer can recover from the insured the amount it had paid the insured, on the theory that

otherwise the insured would be unjustly enriched by having been paid twice for the same loss. *North Carolina Farm Bureau Mutual Insurance Co. v. Greer*, 54 N.C. App. 170, 282 S.E. 2d 553 (1981); *see also United States Fidelity & Guaranty Co. v. Reagan*, 256 N.C. 1, 122 S.E. 2d 774 (1961) and *Fidelity Insurance Co. v. Atlantic Coast Line Railroad Co.*, 165 N.C. 136, 80 S.E. 1069 (1914). We perceive no reason why the rule against unjust enrichment should be any different whether the injured party recovers his medical expenses from the liability carrier of the tortfeasor or the insurance company providing the uninsured motorist coverage. We hold, therefore, that plaintiff in the present case cannot collect his medical expenses pursuant to the uninsured motorists provision and then again under the medical payments provision.

Defendant argues the record discloses a genuine issue as to whether the payment by it of $2,200 included plaintiff's medical expenses. We agree. Upon receipt of the $2,200 plaintiff executed a general release which made no specific reference to medical expenses. Had the release specified that the $2,200 included plaintiff's medical expenses, even though such payment was made pursuant to the uninsured motorists provision, the release would be a bar to plaintiff's claim under the medical payments provision on the theory that plaintiff cannot recover twice for the same damage. On the other hand, if the release had specified that plaintiff's medical expenses were not included, on this record, plaintiff would be entitled to summary judgment under the contract providing for defendant to pay medical expenses. Whether plaintiff's medical expenses were included in the $2,200 is for the jury to determine. There is evidence in this record to support both parties' contentions in this regard. For the reasons stated, summary judgment for plaintiff, including the order for attorney's fees, is vacated and the cause is remanded to the district court for further proceedings.

Vacated and remanded.

Judges CLARK and MARTIN (Harry C.) concur.