JERRY W. WHITEHURST v. HERBERT S. COREY AND WIFE JO ANNE COREY

No. 873DC177

(Filed 16 February 1988)

Bills and Notes § 20— material fact dispute as to fiduciary relationship—perform-
ance of fiduciary duties as part of consideration for execution of note—entry of
partial summary judgment erroneous

    The trial court erred in entering partial summary judgment for plaintiff
on his claim on a promissory note where defendants' verified pleadings re-
vealed a material fact dispute concerning the alleged existence and effect of a
fiduciary relationship between the parties, and these alleged facts were clearly
material since plaintiff's performance of the alleged fiduciary duties was
allegedly part of the consideration for defendants' execution of the promissory
note.

APPEAL by defendants from *E. Burt Aycock, Judge*. Partial
summary judgment entered 2 September 1986 in District Court,
PITT County. Heard in the Court of Appeals 23 September 1987.

    *Charles L. McLawhorn, Jr. for plaintiff-appellee.*

    *Hugh D. Cox for defendant-appellants.*

GREENE, Judge.

    In his verified complaint, plaintiff alleged defendants had de-
faulted on a promissory note executed in the original amount of
$11,000. Plaintiff attached a copy of the promissory note to his
complaint. Having alleged his acceleration of the balance due,
plaintiff therefore claimed $8,000, plus interest and attorney's
fees. In response, defendants' verified answer conceded execution
of the note but alleged defendants had relied on plaintiff's per-
formance of certain fiduciary duties in executing the note. De-
fendants claimed plaintiff's alleged breach of those duties
constituted a defense to any action on the note. Defendants also
counterclaimed for damages arising from plaintiff's alleged breach
of these fiduciary duties. Based upon these verified pleadings, the

trial court entered partial summary judgment for plaintiff on his promissory note claim. Defendants appealed, arguing their verified pleadings raised material issues of fact precluding the court's partial summary judgment.

These facts present the following issues: I) whether the partial summary judgment against defendants affected a "substantial right" such that the interlocutory appeal is allowable under N.C.G.S. Sec. 1-277(a) (1983) and N.C.G.S. Sec. 7A-27(d)(1) (1986); and II) if so, whether defendants' pleadings have raised a genuine issue of material fact precluding the trial court's entry of partial summary judgment under N.C.G.S. Sec. 1A-1, Rule 56 (1983).

I

As the trial court failed to adjudicate defendants' counterclaims, we note the court failed to determine there was no just reason for delay of the appeal under N.C.G.S. Sec. 1A-1, Rule 54(b) (1983). The court's summary judgment is therefore interlocutory and not otherwise appealable except under Section 7A-27 and Section 1-277. *See J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E. 2d 812, 815 (1987). Section 7A-27(d) and Section 1-277(a) both provide for the appeal of any order which affects a "substantial right."

Defendants' defense to the promissory note claim and their counterclaims are both founded on proving plaintiff's breach of a fiduciary relationship with defendants. A party has a "substantial right" to avoid separate trials of the same legal issues. *See Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E. 2d 593, 596 (1982) (substantial right to avoid inconsistent determination of same legal issues was prejudiced if appeal delayed). Given the allegation of plaintiff's breach of a fiduciary relationship in both the original claim and counterclaim, we conclude defendants' substantial right will be prejudiced absent our immediate review. *See generally Slurry*, 88 N.C. App. at 9, 362 S.E. 2d at 817.

II

Rule 56(e) states in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not

rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. [Emphasis added.]

Plaintiff argues defendants' failure to present "specific facts" in opposition to plaintiff's verified pleadings demonstrates there is no genuine issue of material fact in the case.

We disagree. Defendants' verified answer and counterclaim constitute an "affidavit" for purposes of determining either party's right to summary judgment. *See Schoolfield v. Collins*, 281 N.C. 604, 612, 189 S.E. 2d 208, 213 (1972) (to extent verified pleadings meet requirements of Rule 56(e), pleadings are "affidavit"). It is true that Rule 56(e) also requires that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated [t]herein." However, while defendants' verified pleadings arguably do not conform to the formal requirements of Rule 56(e), plaintiff's failure to move to strike these allegations waives any objection to their formal defects. *See North Carolina Nat'l Bank v. Harwell*, 38 N.C. App. 190, 192, 247 S.E. 2d 720, 722, *disc. rev. denied*, 296 N.C. 410 (1979) (failure to object to form or sufficiency of pleadings and affidavits waives objection on summary judgment); *Noblett v. General Electric Credit Corp.*, 400 F. 2d 442, 445 (10th Cir. 1968), *cert. denied*, 393 U.S. 935 (1969) (affidavit not conforming to Rule 56(e) is subject to motion to strike, but objection waived absent motion); *see also* 10A C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2738 at 507-09 (1983) (party must move to strike affidavit not conforming with Rule 56(e) before appeal).

Therefore, although plaintiff objects to the admissibility of any allegation of a parol stock sale agreement, plaintiff has waived such objection. The promissory note itself states that the note was given in exchange for plaintiff's stock. Furthermore, we note "it is rather common for a promissory note to be intended as only a partial integration of the agreement in pursuance of which it was given, and parol evidence as between the original parties

may well be admissible so far as it is not inconsistent with the express terms of the note." *Borden, Inc. v. Brower*, 284 N.C. 54, 61, 199 S.E. 2d 414, 419-20 (1973).

Construing defendants' verified pleadings in their favor as non-movant reveals a material fact dispute concerning the alleged existence and effect of a fiduciary relationship between plaintiff and defendants. These alleged facts are clearly "material" since plaintiff's performance of the alleged fiduciary duties was allegedly part of the consideration for defendants' execution of the promissory note. We also reject plaintiff's argument that defendants have alleged no facts showing detrimental reliance in support of their apparent fraud claim. Defendants' purchase of plaintiff's stock may well evidence their detrimental reliance on plaintiff's alleged representations concerning his intended fiduciary obligations.

Accordingly, we must conclude that defendants have raised material issues of fact precluding entry of summary judgment. We reverse the trial court's partial summary judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PHILLIPS and COZORT concur.