ELLA LINDSEY, PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL
INSURANCE COMPANY AND NATIONWIDE MUTUAL INSURANCE COM-
PANY, DEFENDANTS

No. 9014DC1033

(Filed 16 July 1991)

1. **Rules of Civil Procedure § 56.3 (NCI3d) — summary judgment motions — waiver of objection to affidavits**

    Plaintiff waived objection to the admissibility of affidavits submitted by defendants in a hearing on a motion for summary judgment by failing to object to the affidavits or to move to strike them.

    **Am Jur 2d, Summary Judgment § 18.**

2. **Insurance § 68.7 (NCI3d) — insurance settlement — uninsured motorist — inclusion of medical payments — issue of material fact**

    A genuine issue of material fact was presented as to whether an insurance settlement was only for plaintiff's uninsured motorist claim or included plaintiff's claim under the medical payments provision where defendant presented an affidavit of its claims adjuster that she informed plaintiff's attorney that the $4,000 paid to plaintiff was in settlement of claims under the uninsured motorist and medical payments provisions, but plaintiff submitted an affidavit by her attorney that the settlement was for plaintiff's uninsured motorist claim and that the adjuster never informed him otherwise.

    **Am Jur 2d, Automobile Insurance § 291.**

3. **Insurance § 68.7 (NCI3d) — automobile insurance — medical payments — family member — summary judgment improper**

    Defendant insurer failed to show that it was entitled to summary judgment in plaintiff's action to recover under the medical payments provision of an automobile policy issued to her mother where it submitted an affidavit by its claims manager that plaintiff is not a family member of the insured as that term is defined by the policy, but the policy was not included in the record on appeal, and the appellate court cannot determine the significance of the allegation that plaintiff is not a family member of the insured.

    **Am Jur 2d, Automobile Insurance § 287.**

LINDSEY v. N.C. FARM BUREAU MUT. INS. CO.

[103 N.C. App. 432 (1991)]

Judge EAGLES concurring in the result.

Judge LEWIS concurs only in the concurring opinion.

APPEAL by plaintiff from judgment entered 5 July 1990 in DURHAM County District Court by *Judge William Y. Manson*. Heard in the Court of Appeals 8 May 1991.

*Robert T. Perry for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Loann S. Meekins, for defendant-appellee North Carolina Farm Bureau Mutual Insurance Company.*

*Reynolds, Bryant & Patterson, P.A., by Lee A. Patterson, II, for defendant-appellee Nationwide Mutual Insurance Company.*

GREENE, Judge.

Plaintiff filed this action on 2 October 1989 against defendants, Nationwide Mutual Insurance Company (Nationwide) and North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau), seeking recovery of medical expenses under policies issued by Nationwide and Farm Bureau. On 5 July 1990, the trial court granted summary judgment in favor of defendants Nationwide and Farm Bureau. Plaintiff appeals.

In her complaint, plaintiff alleges that on 2 October 1988, plaintiff was a passenger in a car which was involved in a collision with a hit and run driver. The car in which plaintiff was a passenger was owned and operated by Pearline Ragland, and insured by Nationwide under a policy providing medical payment coverage of $2,000.00 and uninsured motorist coverage of $50,000.00. At the time, plaintiff's mother was insured by Farm Bureau under a policy which provided medical payment coverage of $1,000.00 per person. As the result of injuries sustained in the collision, plaintiff had medical bills totaling $1,064.20.

On 30 June 1989, plaintiff executed an agreement entitled "Release and Trust Agreement—UMC" which provided, in part, that for the consideration of the sum of $4,000.00, plaintiff "does forever release and discharge Nationwide of and from all claims of whatsoever kind and nature prior to and including the date hereof growing out of the Uninsured Motorist Coverage of an Automobile Insurance Policy . . . issued by Nationwide to Pearline

Ragland, and resulting or to result from an accident which occurred October 1, 1988 at or near Durham, NC." Nationwide issued a check in the amount of $4,000.00 payable to plaintiff and her attorney. At the bottom of the check, dated 28 June 1989, are the handwritten words "Full Accord and Satisfaction of All Claims."

Plaintiff subsequently demanded payment of her medical expenses under the medical payment coverage provisions of the policies issued by Nationwide and Farm Bureau. Both companies refused to make payment, and plaintiff instituted this action.

In support of its motion for summary judgment, Nationwide submitted the affidavit of Sheila Geibig, a claims adjuster for Nationwide. The affidavit states in part:

5. That on June 23, 1989, and again on June 28, 1989, I spoke with [plaintiff's] attorney, Robert T. Perry, by telephone and negotiated [plaintiff's] claim with him.

6. That on June 28, 1989 I made an offer to settle [plaintiff's] claim for $4,000.00 to Mr. Perry, her attorney. The $4,000.00 was offered in full and final settlement of all her claims arising from the accident of October 2, 1988. I specifically informed Mr. Perry that this offer was for settlement of the lost wages, medical bills, and pain and suffering asserted by his client. I further specifically informed Mr. Perry that this offer included the asserted claims of his client under the Uninsured Motorist coverage portion of Ms. Ragland's policy and the Medical Payment Coverage portion of Ms. Ragland's policy.

7. That on June 28, 1989, Mr. Perry indicated that on behalf of his client, he accepted the above-referenced offer of $4,000.00 to settle her claim.

In opposition to Nationwide's motion for summary judgment, plaintiff submitted the affidavit of her attorney, Robert Perry. Perry's affidavit states in part:

4. That on June 28, 1989 a settlement was obtained to settle the uninsured motorist claim with Nationwide Insurance Company for the sum of $4,000.00. Demand was also made for payment of medical payment claim under Ms. Perline Ragland policy [sic]. Ms. Shelia [sic] Geibig stated that she would be making a payment for medical bills incurred by Ms. Lindsey

in the said accident. However, no such payment was made. At no time did Ms. Geibig inform me that the offer of $4,000 included settlement for portion [sic] of Ms. Ragland's Medical payment Coverage.

In support of its motion for summary judgment, Farm Bureau submitted the affidavit of James Beckley, a district claims manager for Farm Bureau. This affidavit refers to an "attached policy of insurance" which was issued to plaintiff's mother, Mary V. Betts. We note, however, that this policy is not included in the record on appeal. The affidavit further states, in part:

3. I have reviewed the deposition testimony of Ella Lindsey and based on the information she provided at her deposition, Ella Lindsey was not a *family member* of Mary V. Betts on October 2, 1988, as said term is defined in the DEFINITIONS section of the insurance policy issued to Mary V. Betts and applicable on October 2, 1988.

4. On or about August 24, 1989, a claim representative of North Carolina Farm Bureau Mutual Insurance Company was informed by Nationwide Insurance Company that Ella Lindsey received payment in the amount of $1,064.20 for her medical payment claim arising from the accident of October 2, 1988, said payment made pursuant to the $2,000.00 medical payment coverage provided by Ms. Pearline Ragland's insurance policy issued by Nationwide.

---

The issues are: (I) whether plaintiff may for the first time on appeal argue that the admission of the affidavits of Sheila Geibig and James Beckley was error in that the affidavits contain evidence of negotiation, compromise and settlement, made inadmissible by N.C.R. Evid. 408; and (II) whether the trial court erred in granting summary judgment in favor of (A) Nationwide, and (B) Farm Bureau.

We first note that affidavits supporting or opposing a motion for summary judgment "shall set forth such facts as would be admissible in evidence . . . ." N.C.R. Civ. P. 56 (1990). A release agreement, such as the one executed by plaintiff in this case, is subject to the parol evidence rule. G. Couch, *Couch on Insurance* § 60:20 (2d ed. 1983). Thus, where the language in the release is unambiguous, construction of the release is a matter of law for the court, and parol evidence as to the facts surrounding execu-

tion of the release may not be introduced to contradict or vary the written terms. Therefore, if the release in this case is without ambiguity, and if the facts set forth in the affidavits contradict or vary the written terms of the release, then the facts contained in the affidavits would not be admissible in evidence and are, therefore, incompetent to support a motion for summary judgment.

However, we do not address these questions on this appeal because the issue is not properly presented. The parol evidence rule is a rule of substantive law and not a rule of evidence. H. Brandis, *Brandis on North Carolina Evidence* § 251 (1988). There is a split of authority regarding the legal effect of failing to object at trial to the admission of parol evidence. Some courts have held that such evidence, in the absence of an objection, is to be considered by the trial court, while other courts have held that such evidence must be disregarded by the trial court even in the absence of an objection to its admission. *See* Annotation, *Modern Status of Rules Governing Legal Effect of Failure to Object to Admission of Extrinsic Evidence Violative of Parol Evidence Rule*, 81 A.L.R.3d 249 (1977). However, North Carolina follows the former rule holding that, in the absence of an objection to its admission, the trial court is to consider parol evidence. *Bishop v. DuBose*, 252 N.C. 158, 164, 113 S.E.2d 309, 314 (1960) (parol evidence admitted without objection must be considered on question of nonsuit); *Scott v. Green*, 89 N.C. 278, 280 (1883) (where no objection is made to parol evidence party cannot complain that jury was permitted to hear the evidence). The record in this case does not show that plaintiff objected to the affidavits submitted by either of the defendants. Therefore, the facts set out in these affidavits were competent evidence to be considered by the trial court in ruling upon the motions for summary judgment.

I

[1] Plaintiff first argues that the affidavits of both Sheila Geibig and James Beckley contained evidence of settlement negotiations made inadmissible by N.C.R. Evid. 408 (1988), and were, therefore, incompetent to support defendants' motions for summary judgment. N.C.R. Civ. P. 56 (1990); *Borden, Inc. v. Brower*, 17 N.C. App. 249, 253, 193 S.E.2d 751, 753, *rev'd on other grounds*, 284 N.C. 54, 199 S.E.2d 414 (1973) ("[a]ffidavits filed in support of or in opposition to a motion for summary judgment 'shall set forth such

facts as would be admissible in evidence[ ]' "). Rule 408 provides in part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. . . . This rule . . . does not require exclusion when the evidence is offered for another purpose . . . .

N.C.R. Evid. 408.

However, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record." N.C.R. Evid. 103 (1988); *see Whitehurst v. Corey*, 88 N.C. App. 746, 748, 364 S.E.2d 728, 729-30 (1988) (failure to move to strike defective affidavit waives objection for purposes of summary judgment determination). We do not find an objection or motion to strike the affidavits in the record on appeal. Therefore, assuming *arguendo* that the affidavits were inadmissible under Rule 408, plaintiff cannot assert her admission as error on appeal.

## II

Plaintiff next argues the trial court erred in granting summary judgment for Nationwide and Farm Bureau in that there are genuine issues of material fact regarding the claims against both defendants precluding summary judgment.

> Summary judgment is appropriate if the movant shows no genuine issue of material fact and that he is entitled to judgment as a matter of law. . . . An issue is material when the facts on which it is based would constitute a legal defense which would prevent a non-movant from prevailing. . . . To entitle one to summary judgment, the movant must conclusively establish "a complete defense or legal bar to the non-movant's claim." . . . "The burden rests on the movant to make a conclusive showing; until then, the non-movant has no burden to produce evidence." . . . When movant is the defendant, this rule placing the burden on the movant reverses the usual trial burdens. . . . If movant fails in this showing, summary judgment is improper, regardless of whether nonmovant makes

any showing. . . . "In the absence of such proof, plaintiff [non-movant is] not required to show anything at the hearing; for in a hearing on a motion for summary judgment[,] the non-movant, unlike a plaintiff at trial, does not have to automatically make out a *prima facie* case, but only has to refute any showing made that his case is fatally deficient. . . .

*Cheek v. Poole*, 98 N.C. App. 158, 162, 390 S.E.2d 455, 458, *disc. rev. denied*, 327 N.C. 137, 394 S.E.2d 169 (1990) (citations omitted).

### A

[2] Nationwide's evidence, in the form of Sheila Geibig's affidavit, in support of its motion for summary judgment, tends to show that Ms. Geibig informed plaintiff's attorney that the $4,000.00 was in settlement of plaintiff's claims asserted under the uninsured motorist provision and the medical payment coverage provision of Ms. Ragland's policy. Plaintiff's evidence, in the form of her attorney's affidavit, in opposition to Nationwide's motion for summary judgment, tends to show that the settlement was for plaintiff's uninsured motorist claim, and that Ms. Geibig never informed plaintiff's attorney otherwise.

From the evidence presented upon the motion for summary judgment, there exists a genuine issue of material fact as to whether the settlement included plaintiff's claim for medical expenses under the medical expenses coverage provision of Ms. Ragland's policy. *See Moore v. Beacon Ins. Co.*, 54 N.C. App. 669, 671, 284 S.E.2d 136, 138 (1981), *disc. rev. denied*, 305 N.C. 301, 291 S.E.2d 150 (1982) (whether medical expenses included in release "is for the jury to determine"). Therefore, entry of summary judgment in favor of Nationwide was in error.

### B

[3] Farm Bureau's evidence, in the form of James Beckley's affidavit, in support of its motion for summary judgment, alleges only that the policy in question was issued to Mary V. Betts on 2 October 1988, and that plaintiff is not a family member of Ms. Betts as that term is defined by the policy. Though the affidavit states that this policy is attached, it is not included in the record on appeal.

In that the insurance policy in question is not included in the record on appeal, we cannot on appeal determine the significance

**LINDSEY v. N.C. FARM BUREAU MUT. INS. CO.**

[103 N.C. App. 432 (1991)]

of Farm Bureau's allegation that plaintiff is not one of Ms. Betts' family members. Thus, Farm Bureau failed to "conclusively establish 'a complete defense or legal bar to the nonmovant's claim[,]' " *Cheek* at 162, 390 S.E.2d at 458, and is not, therefore, entitled to summary judgment.

We also reject the argument that Beckley's statement, in his affidavit, that Nationwide had already paid plaintiff's medical expenses, entitles Farm Bureau to summary judgment. As we found above, plaintiff submitted evidence in opposition to the motions for summary judgment tending to show the settlement from Nationwide did not include her medical expenses. Thus, there is a genuine issue of material fact on this issue regarding both defendants. Accordingly, the entry of summary judgment in favor of Farm Bureau was in error.

Reversed and remanded.

Judge EAGLES concurs in the result only in a separate opinion.

Judge LEWIS concurs only in Judge EAGLES concurring opinion; concurring only in the result.

Judge EAGLES concurring in the result.

I concur in the result only. I think that here we are bound by this Court's opinion in *Whitehurst v. Corey*, 88 N.C. App. 746, 364 S.E.2d 728 (1988). In *Whitehurst* the Court held that on a motion for summary judgment plaintiff waived any objection to the admissibility of a parol agreement by failing to make a motion to strike.