IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-290

Filed: 18 February 2020

Johnston County, No. 18 CVS 1352

PATRICIA BARNARD, on behalf of herself and others similarly situated, Plaintiff,

v.

JOHNSTON HEALTH SERVICES CORPORATION d/b/a JOHNSTON HEALTH, and ACCELERATED CLAIMS, INC., Defendants.

Appeal by plaintiffs from order entered 1 November 2018 by Judge Richard T. Brown in Johnston County Superior Court. Heard in the Court of Appeals 15 October 2019.

> *The Armstrong Law Firm, P.A., by L. Lamar Armstrong, III and L. Lamar Armstrong, Jr. and White & Stradley, PLLC, by J. David Stradley for plaintiff-appellant.*

> *Yates, McLamb & Weyher, L.L.P., by Dan J. McLamb and Allison J. Becker, for defendant-appellee Johnston Health Services Corporation d/b/a Johnston Health.*

> *Kilpatrick Townsend & Stockton LLP, by John M. Moye, for defendant-appellee Accelerated Claims, Inc.*

BRYANT, Judge.

Where the clauses for assignment of benefits and subrogation properly applied to plaintiff's MedPay benefits, we affirm the trial court's judgment on the pleadings in favor of defendants.

Plaintiff Patricia Barnard sustained injuries in a motor vehicle collision on 17 October 2016 and was taken to Johnston Health Hospital ("Johnston Health") for

treatment. Per Johnston Health's patient intake practice, upon entry, patients are asked to sign admission paperwork, provide proof of health insurance and confirm if treatment is sought as a result of an automobile accident. Accelerated Claims, Inc. ("ACI"), an account management company, regularly assisted Johnston Health with account management for emergency patients involved in motor vehicle accidents. Once a patient is determined to have an automobile liability policy that contains medical payments coverage, Johnston Health assigns the patient account to ACI for collection of benefits.

Upon arriving at Johnston Health's emergency department, plaintiff executed a "General Consent for Treatment" form. The consent form contained an assignment of benefits clause which stated, *inter alia*, the following:

> I request that payment of authorized benefits be made to the appropriate UNC Health Care affiliate[, Johnston Health,] on my behalf. I authorize [Johnston Health] to bill directly and assign the right to *all health and liability insurance benefits* otherwise payable to me, and I authorize direct payment to [Johnston Health].

(emphasis added).

At the time of admission, plaintiff had an automobile insurance policy with State Farm Mutual Automobile Insurance Company ("State Farm"). The State Farm policy, in part, provided plaintiff, as the insured, with coverage for medical expenses caused by a motor vehicle accident (hereinafter "MedPay"). Plaintiff, a former state employee, was also insured by Blue Cross Blue Shield ("BCBS") through its State

Health Plan.[1]  After plaintiff was discharged, Johnston Health submitted claims regarding medical expenses incurred by plaintiff to both insurers.  ACI was assigned plaintiff's account to manage and collect payments under the automobile insurance policy from State Farm.

On 13 January 2017, Johnston Health received a payment of $2,000 from State Farm—the maximum MedPay available under the policy.  The payment was credited to plaintiff's account.  On 2 May 2017, Johnston Health received payment of $694.63 from BCBS.  After the BCBS payment was applied, plaintiff's account had a credit balance.  Johnston Health refunded the credit to BCBS pursuant to the subrogation clause in plaintiff's BCBS policy.

In 2018, plaintiff initiated a class action lawsuit[2] against Johnston Health and ACI, alleging that defendants improperly conspired to recover payments from automobile insurance companies, who insure emergency room patients in car accidents.  Plaintiff filed a complaint and an amended complaint.  Defendants filed separate answers denying wrongdoing.  Defendants asserted that plaintiff executed an assignment of all health and liability insurance benefits, otherwise payable to her, prior to receiving medical treatment.

---

[1] Plaintiff is a retired state employee and contracted her State Health Plan insurance with BCBS.

[2] A review of the record reveals no indication that a class was ever certified, and we note plaintiff's notice of appeal is on her behalf only.

On 18 October 2018, plaintiff filed for a motion for partial judgment on the pleadings arguing that defendants were not entitled to collect MedPay from State Farm. Defendants answered and moved for judgment on the pleadings as to all claims asserted by plaintiff.

On 1 November 2018, the trial court denied plaintiff's motion and granted defendants' motion for judgment on the pleadings. The trial court found that "[p]laintiff executed an [a]ssignment of [b]enefits [to Johnston Health] which [the] language included 'the right to all health and liability insurance benefits otherwise payable to [plaintiff],' " that "MedPay benefits do constitute, at least in part, health insurance benefits," and that BCBS had the right to recover any amount paid on plaintiff's behalf from other insurance.

Plaintiff filed notice of appeal.

---

On appeal, plaintiff argues the trial court erred by: I) entering judgment in favor of defendants regarding her MedPay benefits, and II) finding that BCBS was entitled to recover the overpayment from her account.

We review the trial court's ruling for a motion for judgment on the pleadings *de novo*. *Erie Ins. Exch. v. Builders Mut. Ins. Co.*, 227 N.C. App. 238, 241, 742 S.E.2d 803, 807 (2013). "Judgment on the pleadings, pursuant to Rule 12(c), is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Id*. (citation omitted). In considering a motion for judgment

on the pleadings, "[t]he trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). "All well[-]pleaded factual allegations in the nonmoving party's pleadings are taken as true and all contravening assertions in the movant's pleadings are taken as false." *Id.* "When the pleadings do not resolve all the factual issues, judgment on the pleadings is generally inappropriate." *Id.*

*I*

First, plaintiff argues the trial court erred by finding that the assignment of "health and liability insurance" plaintiff executed at the hospital applied to her MedPay benefits with State Farm. We disagree.

"[T]he objective of construction of terms in the insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970). "[T]o the extent there are any ambiguities, [we] provide a construction which a reasonable person in the position of the insured would have understood it to mean." *Wehrlen v. Amica Mut. Ins. Co.*, 118 N.C. App. 64, 69, 453 S.E.2d 557, 559 (1995) (citation and quotation marks omitted). "When the policy contains a definition of a term used in it, this is the meaning which must be given to that term wherever it appears in the policy, unless the context clearly requires otherwise." *Wachovia*, 276 N.C. at 354, 172 S.E.2d at 522. "In the absence of such definition, nontechnical words are to be given a meaning consistent with the sense in

which they are used in ordinary speech, unless the context clearly requires otherwise." *Id.*

In the instant case, plaintiff signed a consent form upon being admitted at the hospital—containing an assignment of benefits clause—which authorized Johnston Health to collect "all health and liability insurance" on plaintiff's behalf to cover her medical treatment. The declaration page of plaintiff's State Farm policy contains the following relevant provision addressing coverage for medical payments: "[State Farm] will pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury caused by accident and sustained by an insured."

The State Farm policy defined "bodily injury" as bodily harm, sickness or disease, including death. It provided the insured with MedPay only if the expenses were reasonably related to medical services; stating, "expenses are reasonable only if they are consistent with the usual fees . . . of similar medical providers in the geographical area in which the expenses were incurred for a specific medical service." The policy provision further allowed payment for services necessary "in achieving maximum medical improvement" for injuries sustained in car accidents and administered by a licensed medical provider in practice.

The purpose of MedPay in the State Farm policy is to afford financial assistance to the insured for medical services and treatment sought as a result of a car accident. By these terms, it is reasonable that a person, insured with State Farm, should interpret MedPay as providing additional health insurance benefits.

Therefore, it was not error for the trial court to determine that MedPay benefits constitute—at least in part—health benefits and that plaintiff's assignment of benefits included those MedPay benefits.

Plaintiff's argument is overruled.

*II*

Finally, plaintiff argues the trial court erred by finding that BCBS had a right to receive the overpayment on her account. Notably, plaintiff does not dispute the subrogation clause within her policy with BCBS, which allows BCBS to recover or to be reimbursed for payments towards plaintiff's injury. Rather, plaintiff argues that the subrogation clause is unenforceable towards her MedPay benefits. We disagree.

"It is well-settled in North Carolina that an insurer is subrogated to its insured's rights to recover medical expenses resulting from injuries inflicted by a tortfeasor when the insurer has paid such medical expenses pursuant to a medical payments provision in the insurance policy." *Moore v. Beacon Ins. Co.*, 54 N.C. App. 669, 670, 284 S.E.2d 136, 138 (1981).

Here, the subrogation clause in plaintiff's BCBS policy provides, in pertinent part, that BCBS "be subrogated to all rights of recovery a member has against any party potentially responsible for making payment to a member, due to a member's injuries, illness or condition, to the full extent of benefits provided[.]" Moreover, BCBS retains "the right to recover from, and be reimbursed by, the member for all

- 7 -

amounts [BCBS] has paid and will pay as a result of the [member's] injury or illness[.]"

Plaintiff paid premiums on the BCBS policy as a part of the State Health Plan, and in exchange, was insured for accident and health insurance coverage. Following her accident, compensation was paid for medical expenses due to the injuries sustained during her accident. The compensation received by the hospital for plaintiff's medical expenses from State Farm and from BCBS resulted in a credit balance to her account. Because of the subrogation clause in the BCBS's State Health Plan, BCBS was refunded the overpayment.

Plaintiff argues the BCBS subrogation clause in the plan could not be enforced against MedPay benefits from State Farm. Plaintiff argues that N.C. Gen. Stat. § 135-48, which allows subrogation by BCBS, actually bars BCBS's right to subrogation. We find plaintiff's argument to be without merit. However, even if there was some merit afforded to plaintiff's argument, our Court has recognized that an insurer has equitable subrogation rights in recovering payments pursuant to medical payment provisions in an automobile insurance policy. *See id.* at 670–71, 284 S.E.2d at 138 ("[I]f the insurer has made payments to the insured for the loss covered by the policy and the insured thereafter recovers for such loss from the tortfeasor [or an insurance company], the insurer can recover from the insured the amount it had paid the insured, on the theory that otherwise the insured would be unjustly enriched by having been paid twice for the same loss.").

Therefore, plaintiff's coverage with State Farm entitled BCBS, not plaintiff, to be reimbursed for any overpayment of medical expenses. Plaintiff's argument is overruled.

Accordingly, for the foregoing reasons, the trial court's judgment on the pleadings for defendants is

AFFIRMED.

Judges TYSON and BROOK concur.