BERNICE A. BRILEY, INDIVIDUALLY AND NED H. BRILEY, AS SPOUSE, PLAINTIFFS V. WILLIAM S. FARABOW AND HIGH POINT OB-GYN ASSOCIATES, INC., DEFENDANTS

No. COA96-1118

(Filed 19 August 1997)

**Judgments § 431 (NCI4th)— summary judgment—Rule 60 motion for relief—neglect of attorneys—imputed to client—error**

The trial court erred in a medical malpractice action by denying plaintiffs' motion for relief based on excusable neglect pursuant to N.C.R. Civ. P. 60(b)(1) where the trial court improperly imputed plaintiffs' attorneys' neglect to plaintiffs and improperly failed to address whether plaintiffs' behavior was excusable or inexcusable.

Appeal by plaintiffs from order entered 9 May 1996 and from order entered 24 October 1996 by Judge Howard R. Greeson, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 19 May 1997.

*Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellants.*

*Elrod Lawing & Sharpless, P.A., by Sally A. Lawing, for defendant-appellees.*

McGEE, Judge.

In August 1995, plaintiffs filed this medical malpractice action. In October 1995, a N.C.R. Civ. P. 26(f1) consent order was entered whereby plaintiffs were required to designate their expert witnesses on or before 30 November 1995. Plaintiffs failed to designate their expert witnesses by this date. On 15 February 1996, defendants designated their expert witnesses and moved for summary judgment with a supporting affidavit. In March 1996, plaintiffs' attorney filed "Plaintiffs' Expert Witness Designation" naming two medical experts and filed an affidavit by Bernice Briley incorporating an unverified letter report from Dr. Paul Gatewood. The summary judgment motion was continued from its original hearing date to a later date, and plaintiffs' attorneys agreed in writing that no additional affidavits would be filed in the interim period. On 11 March 1996, defendants filed a motion to strike plaintiffs' expert witness designation. A hearing was held on both motions at the 29 April 1996 session of Guilford County Superior Court, Judge Howard R. Greeson, Jr. presiding. In orders entered 9 May 1996, Judge Greeson granted defendants' motion to strike plaintiffs' expert designation of witnesses pursuant to N.C.R. Civ. P. 26(f1) and granted defendants' motion for summary judgment.

Plaintiffs filed a motion for relief from judgment pursuant to N.C.R. Civ. P. 60(b)(1). This motion was heard at the 7 October 1996 non-jury civil session of Guilford County Superior Court, Judge Howard B. Greeson presiding, and denied by the trial court in an order entered 24 October 1996. Plaintiffs filed notices of appeal from the order striking their expert witness designation and from the order denying their Rule 60(b)(1) motion.

The dispositive issue on appeal is whether the trial court acted under misapprehension of law in denying plaintiffs' N.C.R. Civ. 60(b)(1) motion for relief from judgment. We hold the trial court's error of law requires the order be vacated and the case remanded.

Plaintiffs moved for relief from judgment based on excusable neglect pursuant to N.C.R. Civ. P. 60(b)(1). A trial court's conclusion regarding excusable neglect is a conclusion of law which may be

reviewed and reversed on appeal. *Dishman v. Dishman*, 37 N.C. App. 543, 547, 246 S.E.2d 819, 822 (1978). Although a trial court's findings are conclusive on appeal if supported by any competent evidence, findings made under misapprehension of law are not binding, and a Rule 60(b) order may be reversed if the findings are insufficient to support the legal conclusion. *Id*. When this occurs, the case must be remanded so that the trial court may consider the evidence in its true legal light. *Hanford v. McSwain*, 230 N.C. 229, 233, 53 S.E.2d 84, 87 (1949).

Plaintiffs contend the trial court improperly imputed their attorneys' neglect to them and improperly failed to address whether their behavior, rather than that of their attorneys, was excusable or inexcusable in denying their Rule 60(b)(1) motion. We agree. The neglect of a litigant's attorney will not be imputed to the litigant unless the litigant is guilty of inexcusable neglect. *Dishman*, 37 N.C. App. at 547, 246 S.E.2d at 823. The proper focus for the trial court is on "what may be reasonably expected of a party in paying proper attention to his case under all the surrounding circumstances." *Id*. at 547, 246 S.E.2d at 822. "When a litigant has not properly prosecuted his case because of some reliance on his counsel, the excusability of the neglect on which relief is granted is that of the litigant, not of the attorney." *Id*. at 547, 246 S.E.2d at 822-23. " 'The neglect of the attorney, although inexcusable, may still be cause for relief.' " *Norton v. Sawyer*, 30 N.C. App. 420, 423, 227 S.E.2d 148, 151 (quoting *Moore v. Deal*, 239 N.C. 224, 227, 79 S.E.2d 507, 510 (1954)), *disc. review denied*, 291 N.C. 176, 229 S.E.2d 689 (1976). A litigant "who employs counsel and communicates the merits of his case may reasonably rely on his counsel and counsel's negligence will not be imputed to him unless he has ample notice either of counsel's negligence or of a need for his own action." *Dishman*, 37 N.C. App. at 548, 246 S.E.2d at 823.

In its Rule 60(b)(1) order, the trial court made extensive findings regarding the neglect of plaintiffs' attorneys and found this neglect inexcusable. However, the court made no findings regarding whether plaintiffs' behavior was excusable or inexcusable. In addition, the court made the following pertinent findings of fact:

(14) . . . The Court finds that the failure to designate the experts was due to Ms. Young's [plaintiffs' attorney] unexcused negligence. . . .

(15) . . . Since the selection and designation of experts is obviously a matter to be handled by counsel, the Court finds as a fact

that the unexcused neglect of counsel cannot be used to avoid enforcement of the rule's [N.C.R. Civ. P. 26(f1)] sanctions.

In its first conclusion of law, the court then ruled "The failure to designate expert witnesses as required by a Rule 26(f1) order, due to inexcusable neglect of counsel, does not constitute excusable neglect under Rule 60(b)(1)."

These findings of fact and conclusions of law indicate the trial court applied an incorrect legal standard effectively imputing plaintiffs' attorneys' neglect to plaintiffs without making any findings or conclusions regarding the level of care exercised by plaintiffs themselves in regard to their case. Instead, the court incorrectly focused on whether plaintiffs' attorneys' behavior was excusable or inexcusable. However, the relevant inquiry here is whether plaintiffs' behavior was excusable or inexcusable, not whether their attorneys' behavior was excusable or inexcusable. Since the trial court applied the incorrect legal standard, its findings do not support its conclusions of law and its conclusions of law are in error.

Defendants contend, however, that plaintiffs themselves committed inexcusable neglect by hiring an out-of-state attorney who was not licensed to practice law in North Carolina. Granted, our appellate courts have previously stated:

The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business.

*The attorney employed, 'must be one licensed to practice in this State*, and his negligence on which the prayer for relief is predicated must have been some failure in the performance of professional duties which occurred prior to and was the cause of the judgment sought to be vacated.'

*Norton*, 30 N.C. App. at 423, 227 S.E.2d at 151 (emphasis added) (citations omitted) (quoting *Moore*, 239 N.C. at 227, 79 S.E.2d at 510). We first note the trial court did not find or conclude that plaintiffs committed inexcusable neglect by hiring an out-of-state attorney. Furthermore, in addition to hiring an out-of-state attorney, plaintiffs also hired a licensed North Carolina attorney who acted as local counsel for their out-of-state attorney and who appeared at summary judgment on their behalf. Under the circumstances, the trial court's findings do not support the legal conclusion, advocated by defendants, that plaintiffs committed inexcusable neglect by hiring an attorney not licensed to practice law in this State.

Defendants further contend that even if there was excusable neglect in plaintiffs' failure to timely designate their expert witnesses, this neglect did not cause entry of summary judgment against plaintiffs. On this issue the trial court made the following conclusion of law:

> 2. Even if the Court were to reverse its order striking plaintiff's [sic] tardy expert designation, plaintiffs would not be entitled to any relief from the order allowing defendants' motion for summary judgment because they would still have no competent evidence, as of May 1, 1996, to rebut defendants' properly supported motion. Thus, even if the Court were to find excusable neglect, plaintiffs would not be able to prevail on the record that existed on May 1, 1996, when the motion was heard.

"Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered." *Norton*, 30 N.C. App. at 424, 227 S.E.2d at 152. In its Rule 60(b)(1) order, the trial court makes excusable neglect findings and conclusions only in reference to plaintiffs' attorneys' failure to timely designate expert witnesses. However, at the Rule 60(b)(1) motion hearing, plaintiffs asserted their attorneys' failure to submit competent affidavits in opposition to defendants' summary judgment motion, as well as their failure to designate expert witnesses, was excusable neglect. Thus, the attorney neglect asserted by plaintiffs is much broader than just the failure to designate expert witnesses; it includes the attorneys' failure to present competent evidence at the summary judgment hearing.

The findings of the court in its Rule 60(b)(1) order stress that summary judgment was entered against plaintiffs because plaintiffs' attorneys' failed to timely file their expert witness designation and failed to submit competent evidence in opposition to defendants' summary judgment motion. In addition, the failure to timely designate expert witnesses resulted in the court's decision to preclude these witnesses from testifying at trial, which decision in turn logically resulted in entry of summary judgment against plaintiffs because plaintiffs could not prevail on their medical malpractice claims without expert testimony. The court's findings of fact and conclusions of law regarding excusable neglect are not adequate because they focus solely on the failure to designate expert witnesses and omit analysis of plaintiffs' attorneys' purported neglect in failing to present adequate and competent evidence at summary judgment.

Of course, even if excusable neglect were properly found, the denial of plaintiffs' Rule 60(b) motion would still be correct if plaintiffs failed to plead a meritorious defense. *See Bank v. Finance Co.,* 25 N.C. App. 211, 212, 212 S.E.2d 552, 553 (1975). "[I]t is not necessary that a meritorious defense be proved, but only that a *prima facie* defense exists." *Wynnewood Corp. v. Soderquist,* 27 N.C. App. 611, 615, 219 S.E.2d 787, 790-91 (1975). Here, since the trial court found no excusable neglect, it did not make findings as to whether plaintiffs had pled a meritorious claim and was not required to do so. *See Dishman,* 37 N.C. App. at 547, 246 S.E.2d at 822. Given this lack of findings, assessment of the merit of plaintiffs' claims is a matter for the trial court to resolve on remand. *See id.*

Of course, one of the material issues for the court's consideration on remand is whether entry of its N.C.R. Civ. P. 26(f1) order striking plaintiffs' designation of expert witnesses resulted from excusable neglect. In considering this issue, the trial court might also consider, in its discretion, whether a sanction against plaintiffs' attorneys under N.C.R. Civ. P. 26(g) would be more appropriate in this situation than a N.C.R. Civ. P. 26(f1) sanction against plaintiffs.

We vacate the Rule 60(b)(1) order and remand the case for a new hearing and order ruling on all material issues raised by plaintiffs' Rule 60(b)(1) motion. *See Hanford,* 230 N.C. at 233, 53 S.E.2d at 87; *York v. Taylor,* 79 N.C. App. 653, 655, 339 S.E.2d 830, 832 (1986).

Vacated and remanded.

Judges EAGLES and SMITH concur.