BERNICE A. BRILEY, INDIVIDUALLY AND NED H. BRILEY, AS SPOUSE v. WILLIAM S. FARABOW AND HIGH POINT OB-GYN ASSOCIATES, INC.

No. 473PA97

(Filed 9 July 1998)

## 1. Physicians, Surgeons, and Other Health Care Professionals § 137 (NCI4th)— medical malpractice—consideration of tardy expert witness designation—summary judgment for defendants

Even if plaintiffs' tardy expert witness designation had been considered by the trial court in ruling on defendants' motion for summary judgment in this medical malpractice action, plaintiffs would not have a sufficient forecast of evidence to overcome defendants' motion where defendants' forecast of evidence tended to show that defendant physician met the applicable standard of care in performing surgery upon the female plaintiff and that defendants were not negligent; plaintiffs filed an affidavit by the female plaintiff incorporating and adopting an expert's report stating the opinion that plaintiffs' negligence allegations were provable; the affidavit had no new evidence beyond what was alleged in the complaint except for the expert's report; the trial court sustained plaintiffs' objection to the report because it did not establish the witness's familiarity with the standard of care and was not under oath; assertions in the expert witness designation that the experts would testify that defendants were negligent did not provide any evidentiary material to create a genuine issue of material fact; the designation was inadmissible as evidence since the experts had not been qualified as such and any opinion they offered would therefore be inadmissi-

ble; and if the designation had not been stricken, plaintiffs would still have only unsupported allegations in the pleadings, an affidavit which repeated such assertions, and no specific facts showing the existence of a triable issue.

## 2. Judgments § 431 (NCI4th)— attorney's negligence—not excusable neglect

An attorney's negligence in handling a case constitutes inexcusable neglect and is not a ground for relief under the "excusable neglect" provision of N.C.G.S. § 1A-1, Rule 60(b)(1).

## 3. Judgments § 431 (NCI4th)— failure to designate experts— attorney's negligence—denial of relief under Rule 60

The trial court did not abuse its discretion in denying plaintiffs relief under Rule 60(b)(1) from an order striking their expert witness designation under Rule 26(f1) because of failure to designate experts by a court-ordered deadline where competent evidence supported the trial court's determination that the failure to designate experts was due to the unexcused negligence of plaintiffs' attorney rather than to any mistake and that the attorney's negligence did not constitute "excusable neglect" under Rule 60(b)(1). N.C.G.S. § 1A-1, Rule 26(f1).

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 127 N.C. App. 281, 488 S.E.2d 621 (1997), vacating the order denying the Rule 60(b)(1) motion entered by Greeson, J., on 24 October 1996 in Superior Court, Guilford County, and remanding the case for a new hearing. Heard in the Supreme Court 9 March 1998.

*Randolph M. James, P.C., by Randolph M. James, for plaintiff-appellees.*

*Elrod Lawing & Sharpless, P.A., by Sally A. Lawing and Damien J. Sinnott, for defendants-appellants.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, P.L.L.C., by D. Clark Smith, Jr., Stephen W. Coles, and S. Ranchor Harris, III, on behalf of North Carolina Association of Defense Attorneys, amicus curiae.*

ORR, Justice.

This case addresses whether Rule 60(b)(1) of the North Carolina Rules of Civil Procedure may be used to provide relief from sanctions

**BRILEY v. FARABOW**

[348 N.C. 537 (1998)]

imposed upon plaintiffs under Rule 26(f1) of the North Carolina Rules of Civil Procedure for their attorney's failure to designate experts by a court-ordered deadline. Plaintiffs initiated this medical malpractice suit against Dr. William S. Farabow and High Point Ob-Gyn Associates, Inc., on 11 August 1995, alleging that defendants negligently performed surgery by unnecessarily removing plaintiff's female reproductive organs and perforating her bladder. On 8 September 1995, defendants filed an answer in which they denied all allegations, and a Rule 26(f1) motion in which they requested that the court conduct a discovery-scheduling conference. On 4 October 1995, the court entered a discovery-scheduling order requiring that the parties designate expert witnesses by specific dates; plaintiffs were ordered to designate expert witnesses on or before 30 November 1995 and defendants were ordered to identify their experts by 15 February 1996. The court explained that failure to designate experts in accordance with the order would result in the expert not being allowed to testify at trial.

On 19 February 1996, defendants filed a summary judgment motion pursuant to Rule 56 of the North Carolina Rules of Civil Procedure in which they argued that summary judgment should be granted because no genuine issue as to any material fact existed and defendants were entitled to judgment as a matter of law. In the motion, defendants asserted that plaintiffs had failed to designate their expert witnesses by the scheduling order deadline, 30 November 1995, and that plaintiffs still had not named any experts to testify by the date of the summary judgment motion. Defendants asserted that pursuant to Rule 26(f1) and the scheduling order, experts not designated by the order's deadline should not be permitted to testify at trial.

In support of the summary judgment motion, defendants also submitted an affidavit by Dr. G. Terry Stewart, a specialist in obstetrics and gynecology. In the affidavit, Dr. Stewart stated that he had experience performing hysterectomies and treating patients similar to plaintiff Mrs. Briley, and that after having reviewed the records of Dr. Farabow's treatment of plaintiff, that he believed that "Dr. Farabow met or exceeded the standard of practice in every respect, before, during, and after the surgery performed on Mrs. Briley." Dr. Stewart explained that the complication plaintiff experienced was a risk of the procedure which was performed on her that can and does occur without negligence. Dr. Stewart stated that, in his opinion, plaintiff's complication occurred without any negligence by defendants.

On 5 March 1996, plaintiffs filed an expert witness designation for the first time, identifying two obstetrician-gynecologists, Dr. Harlan Giles and Dr. Paul D. Gatewood, to testify at trial. On 6 March 1996, plaintiffs then filed an opposition to defendants' summary judgment motion and submitted an affidavit of plaintiff Mrs. Bernice Briley. Mrs. Briley stated in the affidavit that a report by the plaintiffs' expert witness, Dr. Paul Gatewood, was attached and adopted by the affidavit, and requested that the report be "incorporated herein by reference the same as if at this point it were set forth in it's [sic] entirety." Dr. Gatewood had rendered an opinion in the report that plaintiffs' negligence allegations were provable.

On 11 March 1996, defendants filed a motion to strike plaintiffs' tardy expert witness designation. A hearing was held as to defendants' motion to strike and defendants' motion for summary judgment at the 29 April 1996 session of Superior Court, Guilford County. On 1 May 1996, defendants filed an objection to the admissibility of plaintiff's affidavit and Dr. Gatewood's report arguing that: (1) Dr. Gatewood's report should not be considered because he was not designated as an expert by the scheduling order deadline; (2) the affidavit of plaintiff, to the extent that it referred to Dr. Gatewood's report, was not based on personal knowledge; and (3) Dr. Gatewood's report failed to establish that he qualified as an expert. Defendants thus asked the court to sustain their objection and exclude Ms. Briley's affidavit and Dr. Gatewood's report.

On 9 May 1996, the court granted defendants' motion to strike plaintiffs' tardy expert witness designation pursuant to Rule 26(f1). In a separate order on 9 May 1996, the court also granted defendants' motion for summary judgment. In the order granting summary judgment, the court stated that "having granted the defendants' motion to strike plaintiffs' expert designation, and having sustained defendants' objection to the affidavit of Mrs. Briley and the unverified report of Dr. Gatewood, the Court finds that there is no genuine issue as to any material fact, and that defendants are entitled to judgment as a matter of law." On 10 May 1996, plaintiffs filed a notice of appeal only of the order striking the witness designation. Plaintiffs did not file a notice of appeal of the order granting summary judgment.

On 9 July 1996, plaintiffs filed a motion with the trial court under Rule 60(b)(1) of the North Carolina Rules of Civil Procedure requesting that the trial court grant relief from its orders granting summary judgment and the motion to strike the designation. Under Rule

60(b)(1), relief from a prior order or judgment may be granted if the party establishes that the order or judgment was mistakenly entered due to the party's "[m]istake, inadvertence, surprise, or excusable neglect." N.C.G.S. § 1A-1, Rule 60(b)(1) (1990). In this case, plaintiffs argued that they should be provided relief from the two prior orders because their trial attorney's failure to designate their expert witnesses by the scheduling order deadline was *"excusable neglect"* under Rule 60(b)(1). Plaintiffs stated that their attorney had stopped preparing discovery, including the expert witness designation, under the mistaken assumption that "the parties had agreed to informally delay further discovery" since settlement discussions had been initiated. The summary judgment order should thus be stricken because it was based at least in part on the allegedly mistaken order striking the expert designation.

On 7 August 1996, defendants filed a response to the Rule 60(b)(1) motion. In the response, defendants stated that "there was absolutely no discussion or agreement about putting discovery on hold" on 1 December 1995 and that Ms. Young, plaintiffs' attorney, was told settlement was unlikely. On 9 October 1996, a hearing was held in Superior Court, Guilford County, and on 24 October 1996, the trial court entered an order denying plaintiffs' Rule 60(b)(1) motion. In the order, the court held that plaintiffs' failure to designate the experts was due to the *unexcused negligence* of plaintiffs' attorney rather than to excusable neglect. The court made a finding that plaintiffs' counsel "did not . . . offer any excuse for the late designation" and did not request an extension of time to file after the deadline. The court concluded therefore that plaintiffs did not qualify for relief because the "failure to designate expert witnesses as required by a Rule 26(f1) order, due to inexcusable neglect of counsel, does not constitute excusable neglect under Rule 60(b)(1)." Also, the court stated that Rule 26(f1), which requires identification of medical experts within certain time periods, was enacted "to provide for the prompt and orderly completion of expert witness discovery in medical malpractice cases so as to avoid delay and surprise." The court stated that Rule 60(b)(1) should not be used to provide relief from sanctions which the legislature intended to be imposed under Rule 26(f1). Finally, the trial court held that plaintiffs did not qualify for relief under Rule 60(b)(1) of the order granting defendants' summary judgment. The court stated that even if it reversed the order striking the witness designation, plaintiffs still did not have evidence to defeat defendants' motion.

On 5 November 1996, plaintiffs filed an additional notice of appeal with the Court of Appeals in which they appealed the denial of the Rule 60(b)(1) motion. The Court of Appeals reversed the trial court decision and vacated the Rule 60(b)(1) order denying plaintiffs relief. The Court of Appeals explained that reversal of the order was required because the trial court had applied the "incorrect legal standard" in determining whether the conduct constituted "*excusable neglect*" under Rule 60(b)(1). *Briley v. Farabow*, 127 N.C. App. 281, 284, 488 S.E.2d 621, 624 (1997). The court stated that the trial court should have made findings of fact regarding "whether plaintiffs' behavior was excusable or inexcusable, not whether their attorneys' behavior was excusable or inexcusable." *Id.* Thus, the court remanded the case for a new hearing on all issues in the Rule 60(b)(1) motion.

On 23 September 1997, defendants petitioned this Court for discretionary review pursuant to N.C.G.S. § 7A-31, which we granted on 6 November 1997. For the reasons which follow, we hold that the trial court's order denying plaintiffs relief under Rule 60(b)(1) was proper. Accordingly, we reverse the Court of Appeals' decision and reinstate the trial court's order.

**[1]** Plaintiffs argue that they should be relieved under Rule 60(b)(1) of the order striking their expert witness designation. Plaintiffs assert that the order granting summary judgment should also be stricken because it was based on the order striking the expert witness designation. We shall address whether plaintiffs should be provided relief from the summary judgment order under Rule 60(b)(1) first. We note initially, however, that plaintiffs did not file a notice of appeal of the summary judgment order. Thus, it is clear that plaintiffs are attempting to use the Rule 60(b)(1) motion to gain appellate review of the summary judgment order. Still, we address the issue here because we have determined that even if the Rule 60(b)(1) motion should have been granted and thus, the designation not excluded, plaintiffs still would not prevail on the summary judgment motion.

Plaintiffs essentially argue that if the expert witness designation had been considered in determining whether to grant summary judgment, plaintiffs could have defeated defendants' summary judgment motion. Summary judgment is granted if the moving party shows that there is no genuine issue of material fact for trial and it is entitled to judgment as a matter of law, and the nonmoving party fails to meet its burden to come forward with a forecast of evidence establishing that

a genuine issue of material fact exists. *Vassey v. Burch*, 301 N.C. 68, 72-73, 269 S.E.2d 137, 140 (1980). The moving party bears the initial burden of coming forward with a forecast of evidence tending to establish that no triable issue of material fact exists. *Creech v. Melnik*, 347 N.C. 520, 526, 495 S.E.2d 907, 910 (1998). Once this burden is met, then the nonmoving party must " 'produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a *prima facie* case at trial.' " *Id.* at 526, 495 S.E.2d at 911 (quoting *Collingwood v. General Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)) (alteration in original).

In the case *sub judice*, the trial court determined that summary judgment for defendants was proper because there was no genuine issue as to any material fact and defendants were entitled to judgment as a matter of law. Defendants' forecast of evidence tended to show that defendant Dr. Farabow met the applicable standard of care in performing surgery upon plaintiff and that defendants were not negligent. Defendants submitted an affidavit by their expert, Dr. G. Terry Stewart, in which he stated that he was familiar with the standard of care; that he had performed hysterectomies during that time; that he had experience treating patients like Mrs. Briley; and that in his opinion, Dr. Farabow was not negligent.

Plaintiffs' forecast of evidence, on the other hand, failed to show that a *prima facie* case could be made for trial. Plaintiffs submitted an affidavit by plaintiff Mrs. Briley in which she stated that she caused the action to be filed, that the allegations of negligence were set forth in the complaint, and that Dr. Gatewood's report was incorporated in the affidavit. This affidavit had no new evidence beyond what was alleged in the complaint, except for Dr. Gatewood's report and the expert witness designation. The trial court, however, excluded Dr. Gatewood's report because "it did not establish the witness's familiarity with the standard of care and because it was not under oath." The court concluded that "[h]aving stricken the designation and having sustained the objection to Dr. Gatewood's letter, there was absolutely no evidence before the Court in opposition to the defendants' properly supported motion." Plaintiffs acknowledged such in that the trial court stated that "the sole argument advanced by [plaintiffs' counsel] was that by filing a tardy expert designation, plaintiffs had created a question of fact necessitating denial of defendants' motion for summary judgment."

Even if the trial court's exclusion of the expert witness designation had been reversed, it still would not raise a genuine issue of material fact as to summary judgment. Plaintiffs' expert witness designation named two experts, Dr. Gatewood and Dr. Giles, to testify at trial. Plaintiffs alleged in the designation that the "experts" would testify that defendants were negligent. These assertions in the designation, much like an assertion in a pleading, however, do not provide any evidentiary material to create a genuine issue of a material fact. As evidence, the designation was also inadmissible since the experts had not been qualified as such, and any opinion that they offered would therefore be inadmissible. *Borden, Inc. v. Brower*, 17 N.C. App. 249, 193 S.E.2d 751 (affidavits or other material offered which sets forth inadmissible facts should not be considered for summary judgment), *rev'd on other grounds*, 284 N.C. 54, 199 S.E.2d 414 (1973). If the designation had not been stricken, therefore, plaintiffs would still have only unsupported allegations in the pleadings, an affidavit which repeated such assertions, and no specific facts showing the existence of a triable issue. Such unsupported, conclusory allegations are simply insufficient to create the existence of a genuine issue of material fact where the moving party has offered a proper evidentiary showing. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E.2d 363 (1982); *Moore v. Fieldcrest Mills, Inc.*, 36 N.C. App. 350, 244 S.E.2d 208 (1978), *aff'd*, 296 N.C. 467, 251 S.E.2d 419 (1979). The trial court also stated such, noting that

> [e]ven if the Court were to reverse its order striking plaintiff's [sic] tardy expert designation, plaintiffs would not be entitled to any relief from the order allowing defendants' motion for summary judgment because they would still have no competent evidence, as of May 1, 1996, to rebut defendants' properly supported motion. Thus, even if the Court were to find excusable neglect, plaintiffs would not be able to prevail on the record that existed on May 1, 1996, when the motion was heard.

We conclude, therefore, as the trial court did, that Rule 60(b)(1) affords no relief to plaintiff in regard to the trial court order granting summary judgment in favor of defendants since even if the expert witness designation had been considered in deciding summary judgment, plaintiffs would still not have a sufficient forecast of evidence to overcome the motion.

The next issue we must address is whether plaintiffs should be granted relief under Rule 60(b)(1), of the order striking their expert

witness designation under Rule 26(f1) when the order was imposed because of plaintiffs' attorney's failure to file the designation in a timely manner. Rule 26(f1) provides that

> [i]n a medical malpractice action . . . , the judge *shall*, within 30 days, direct the attorneys for the parties to appear for a discovery conference. At the conference the court . . . *shall*:
>
> . . . .
>
> (2) *Establish an appropriate schedule for designating expert witnesses . . . such that there is a deadline for designating all expert witnesses* within an appropriate time . . . .
>
> . . . .
>
> If a party fails to identify an expert witness as ordered, the court *shall*, upon motion by the moving party, impose an appropriate sanction, which may include dismissal of the action, entry of default against the defendant, or *exclusion of the testimony of the expert witness at trial.*

N.C.G.S. § 1A-1, Rule 26(f1) (1990) (emphasis added). This rule was adopted in 1987 to expedite discovery and provide for the prompt designation of expert witnesses. By its express language, it plainly mandates that the court impose mandatory sanctions if a party fails to comply with a deadline regarding the designation of experts. This is exactly what occurred in the instant case: plaintiffs were ordered to designate experts by 30 November 1995 and failed to do so. The sanction of excluding plaintiffs' expert witnesses from testifying was therefore proper under Rule 26(f1).

Plaintiffs assert that these sanctions should be lifted under Rule 60(b)(1) because their failure to file the expert witness designation was due to "excusable neglect." As previously explained, Rule 60(b)(1) permits a court to relieve a party from an order for "[m]istake, inadvertence, surprise, or excusable neglect." N.C.G.S. § 1A-1, Rule 60(b)(1). Interpreting this provision in the context of discovery sanctions is an issue of first impression. This provision, however, is almost indistinguishable from federal Rule 60(b)(1), which provides that a district court may grant relief from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975). The "nearly identical provisions of our Rule 60(b) and Federal

**BRILEY v. FARABOW**

[348 N.C. 537 (1998)]

Rule 60(b) point to the Federal decisions for interpretation and enlightenment." *Wiggins v. Bunch*, 280 N.C. 106, 110, 184 S.E.2d 879, 881 (1971).

Federal courts have held that although attorney error may, under certain conditions, qualify as a reason for granting relief under Rule 60(b)(1), "neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *see Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996). "[T]ime and time again [it has been held] that inexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)." *Helm*, 84 F.3d at 878. "An attorney's negligent mistake, evincing a lack of due care, is not a proper ground for relief under Rule 60(b)," *Rodgers v. Wood*, 910 F.2d 444, 449 (7th Cir. 1990), and "[t]he mere fact that an attorney is busy with other matters does not excuse a neglect on his part" for the purposes of Rule 60(b). *McDermott v. Lehman*, 594 F. Supp. 1315, 1319 (D. Me. 1984). A showing of carelessness or negligence or ignorance of the rules of procedure also does not constitute "excusable neglect" within this rule. *In re Wright*, 247 F. Supp. 648, 659 (E.D. Mo. 1965). "Litigants whose lawyers fall asleep at crucial moments may seek relief from the somnolent agents; inexcusable inattention to the case . . . does not justify putting the adversary to the continued expense and uncertainty of litigation." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994).

[2] Clearly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the "excusable neglect" provision of Rule 60(b)(1). In enacting Rule 60(b)(1), the General Assembly did not intend to sanction an attorney's negligence by making it beneficial for the client and to thus provide an avenue for potential abuse. Allowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court- imposed rules and deadlines. Plaintiffs have argued that this Court should provide relief from an order if only the attorney, rather than the client, was negligent. Looking only to the attorney to assume responsibility for the client's case, however, leads to undesirable results. As one federal judge noted:

> "Holding the client responsible for the lawyer's deeds ensures that both clients and lawyers take care to comply. If the lawyer's

neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either."

*United States v. 7108 West Grand Ave.*, 15 F.3d 632, 634 (7th Cir.) (quoting *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986)) *cert. denied*, 512 U.S. 1212, 129 L. Ed. 2d 822 (1994). Thus, we hold that an attorney's negligent conduct is not "excusable neglect" under Rule 60(b)(1) and that in determining such, the court must look at the behavior of the attorney.

In determining whether to grant relief under Rule 60(b)(1), the trial court has sound discretion which will be disturbed only upon a showing that the trial court abused its discretion. *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983). The trial judge has the duty to make findings of fact, which are deemed conclusive on appeal if there is any evidence on which to base such findings. *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 903 (1978).

[3] In the instant case, the trial judge made several findings of fact in the order denying relief to plaintiffs under Rule 60(b)(1). The trial court found that "plaintiffs were required to file their expert witness designation on or before November 30, 1995," and that they "failed to designate any expert witnesses as required by the Rule 26(f1) order." The court found that "no extension of time was sought"; that plaintiffs "did not . . . offer any excuse for the late designation"; and that at the hearing, plaintiffs acknowledged that "the failure to designate was due to [their attorney's] negligence." Consequently, the court's finding that "the failure to designate experts was due to Ms. Young's unexcused negligence, rather than to any mistake," was clearly based on competent evidence.

The trial court's findings are thus deemed conclusive, since based on competent evidence, and this Court's review of the denial of the Rule 60(b)(1) motion is limited to a determination of whether an abuse of discretion occurred. An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985); *see also State v. Wilson*, 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985). Such an abuse may not be established here, where there was ample evidence to support the trial court decision that plaintiffs' attorney's inexcusable negligence failed to constitute "excusable neglect" under Rule 60(b)(1). Accordingly,

the decision of the Court of Appeals is reversed, and the trial court's decision denying relief under Rule 60(b)(1) is reinstated.

REVERSED.