***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim Ledford and the briefs and oral arguments before the Full Commission.
On December 20, 2000, defendants filed a motion to dismiss plaintiff's appeal from the Deputy Commissioner to the Full Commission stating that the appeal was filed beyond the 15-day appeal limit set by N.C. Gen. Stat. § 97-85. By order of the chairman, this motion was held in abeyance pending oral arguments before this panel of the Full Commission.
 ***********
Based upon all the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Deputy Commissioner Ledford filed her Opinion and Award on November 22, 2000, and faxed and mailed it the same day to counsel of record.
2. Section 97-85 of the North Carolina General Statutes provides, in pertinent part:
 If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award:
3. If notice of an award is considered "given" on the day the award is faxed to counsel of record, any appeal from the award should have been filed with the Industrial Commission by Thursday, December 7, 2000.
4. If notice of an award is considered "given" on the day it is mailed by counsel of record to counsel's client (here, the award was mailed by counsel on November 29, 2000 along with a letter telling client that counsel was withdrawing from the case and advising client to file an appeal if further review was desired), any appeal from the award should have been filed with the Industrial Commission by Monday, December 18, 2000.
5. Plaintiff herself received notice of the award by the aforesaid letter from her former counsel on November 29, 2000. She hired present counsel on December 19, 2000 and present counsel filed her notice of appeal with the Industrial Commission on the same day.
6. Plaintiff's notice of appeal was 12 days late if paragraph 3 above is the true state of the law. Plaintiff's notice of appeal was 1 day late if paragraph 4 above is the true state of the law.
7. In any event, plaintiff did not file her appeal to the Full Commission within the 15-day statutory appeal time set by N.C. Gen. Stat. § 97-85.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. Plaintiff's failure to file her appeal with the Industrial Commission within 15 days as required by N.C. Gen. Stat. § 97-85 was not due to excusable neglect. Moore v. City of Raleigh, 135 N.C. App. 332,520 S.E.2d 133 (1999); but see Briley v. Farabow, 127 N.C. App. 281,488 S.E.2d 621 (1997) standing for the proposition "Neglect of litigant's attorney will not be imputed to litigant, so as to preclude grant of litigant's motion for relief from judgment on ground of excusable neglect, unless litigant is guilty of inexcusable neglect." Query: Was litigant guilty of inexcusable neglect? Briley also stands for the proposition "In determining whether neglect of litigant's attorney should be imputed to litigant, so as to preclude grant of litigant's motion for relief from judgment on ground of excusable neglect, proper focus for trial court is on what may be reasonably expected of party in paying proper attention to his or her case under all the surrounding circumstances." Under that standard, the focus should be on whether plaintiff was paying proper attention to her case when she did not see new counsel until 2 weeks after she was presumably notified by former counsel that former counsel was not going to handle her case on appeal.
2. No appeal from the Opinion and Award of the Deputy Commissioner having been perfected, the Opinion and Award of Deputy Commissioner Ledford filed November 22, 2000, is the law of the case. N.C. Gen. Stat. § 97-86.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants' motion to dismiss is ALLOWED.
2. The Award entered by the Deputy Commissioner in this matter on November 22, 2000, is the law of the case and the parties shall comply with it.
3. Defendants shall pay the costs.
This 26th day of September 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER