THOMAS ALLEN PIPKIN, JR., Plaintiff,
v.
JOY ARTHUR PIPKIN, (now COOPER), Defendant.
No. COA05-539
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Wake County No. 98 CVD 7822.
Manning, Fulton & Skinner, P.A., by Cary Elizabeth Close, for plaintiff-appellee.
Doss & Willis, L.L.P., by Aida Doss Havel, for defendant-appellant.
JACKSON, Judge.
On 2 July 1998, Thomas Allen Pipkin, Jr. ("plaintiff") filed a complaint seeking, among other things, equitable distribution of the marital estate he shared with Joy Arthur Pipkin ("defendant"). On 10 July 1998, defendant filed a counterclaim also seeking equitable distribution. The parties entered into an equitable distribution scheduling and discovery order on 15 January 1999. Following the entry of the scheduling order, defendant filed two motions to amend the scheduling and discovery order, and an amended order was entered setting three new dates for pretrial conferences, and an anticipated trial date of January 2000. The record on appeal includes notices of hearings for initial pre-trial conferences set 9 July 1999 and 6 April 2001, however there is no indication as to what, if anything, occurred on those dates. Defendant then set dates for hearings on her equitable distribution claim to be held on 4 September 2001 and 29 October 2001.
There is nothing in the record to suggest, and neither party contends, that any hearing on defendant's equitable distribution claim occurred on either of the dates set for the hearing. In addition, both parties agree that neither of them took any action from late 2001 until December 2003 to move forward on the equitable distribution claims. On 16 December 2003, plaintiff filed a motion to dismiss defendant's equitable distribution claim for failure to prosecute, per Rule 41(b) of the North Carolina Rules of Civil Procedure. Plaintiff also took a voluntary dismissal of his claim for equitable distribution.
On 20 February 2004, a hearing was held on plaintiff's motion to dismiss defendant's claim. Although defendant had been represented by three separate attorneys throughout the pendency of her equitable distribution claim, she appeared at the hearing on plaintiff's motion pro se. Following arguments by both parties, and in an order entered 8 April 2004, the trial court granted plaintiff's motion and dismissed defendant's equitable distribution claim with prejudice. The trial court found that defendant had delayed unreasonably in prosecuting her claim for equitable distribution, and that plaintiff had been prejudiced by defendant's delay. The trial court also found that any sanction short of dismissal of defendant's claim would not suffice.
On 21 April 2004, defendant filed a motion for a new trial and for relief from the 8 April 2004 order, pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure. Following a hearing on defendant's motions, the trial court denied defendant's motions in an order entered 16 November 2004. Defendant appeals from the denial of her motions pursuant to Rules 59 and 60.
In her first assignment of error, defendant contends that the trial court committed reversible error by dismissing her equitable distribution claim for failure to prosecute per Rule 41(b) of the North Carolina Rules of Civil Procedure. At the outset, we note that defendant gave notice of appeal only from the 16 November 2004 order denying her motions pursuant to Rule 59 and Rule 60. The defendant's notice of appeal does not appeal the underlying order entered on 8 April 2004 dismissing her equitable distribution claim. Our appellate rules require that the notice of appeal "designate the judgment or order from which appeal is taken[.]" N.C. R. App. P. 3(d) (2005). "' Without proper notice of appeal, this Court acquires no jurisdiction.'" Von Ramm v. Von Ramm, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (quoting Brooks, Com'r of Labor v. Gooden, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984)). Further, the jurisdictional requirements of Rule 3 of our appellate rules may not be waived, "'even for "good cause shown" under Rule 2, if it finds that they have not been met.'" Id. (citation omitted). The notice of appeal from a denial of a motion pursuant to Rule 59 and Rule 60 which "does not also specifically appeal the underlying judgment does not properly present the underlying judgment for our review." Id.
This Court may "liberally construe a notice of appeal in one of two ways to determine whether it provides jurisdiction over an apparently unspecified portion of a judgment." Id. at 156, 392 S.E.2d at 424.
First, "a mistake in designating the judgment, or in designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." Second, if a party technically fails to comply with procedural requirements in filing papers with the court, the court may determine that the party complied with the rule if the party accomplishes the "functional equivalent" of the requirement.
Id. at 156-57, 392 S.E.2d at 424 (internal citations omitted). As defendant's notice of appeal specifically stated that she was appealing from "the entry of the 'Order Denying Rule 59 and Rule 60 Motion' entered on November 16, 2004," we hold that a reader of this notice could not "fairly infer" from the language of defendant's notice of appeal that she also intended to appeal the 8 April 2004 order which underlies her Rules 59 and 60 motions. See id. at 157, 392 S.E.2d at 425. Accordingly, defendant's assignment of error relating to the dismissal of her equitable distribution claim is not properly before us. N.C. R. App. P. 3 (2005). Therefore, our review is limited to arguments related to the order entered on 16 November 2004 denying defendant's motions pursuant to Rules 59 and 60.
Defendant contends the trial court committed an abuse of discretion in denying her motions made pursuant to Rules 59 and 60 of our Rules of Civil Procedure.
Defendant's original motion made pursuant to Rules 59 and 60 stated that the motion was made pursuant to Rule 59(a)(6), (a)(7), and (a)(8), and Rule 60. On appeal, defendant presents arguments only as to the denial of the motion based on Rule 59(a)(7) and (a)(8), and Rule 60(b)(1) and (b)(6). As defendant has failed to present argument as to the trial court's denial of her motion pursuant to Rule 59(a)(6) and the numerous additional sections of Rule 60, defendant's assignment of error based on these portions of the Rules is deemed abandoned. N.C. R. App. P. 10 (2005).
Rule 59 of our Rules of Civil Procedure provides parties with an avenue to "obtain a new trial either for errors of law committed during the trial or for a verdict not sufficiently supported by the evidence." Investors Title Ins. Co. v. Herzig, 330 N.C. 681, 695, 413 S.E.2d 268, 276 (1992); see also, Britt v. Allen, 291 N.C. 630, 231 S.E.2d 607 (1977). Specifically, Rule 59(a)(7) provides as grounds for a new trial "[i]nsufficiency of the evidence to justify the verdict or that the verdict is contrary to law[,]" and Rule 59(a)(8) provides as grounds for a new trial "[e]rror in law occurring at the trial and objected to by the party making the motion." N.C. Gen. Stat. § 1A-1, Rule 59 (2004). "[A] [Rule 59] motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion." Kinsey v. Spann, 139 N.C. App 370, 372, 533 S.E.2d 487, 490 (2000). "However, where the motion involves a question of law or legal inference, our standard of review is de novo." Id. Therefore, our standard of review for a motion made pursuant to Rule 59(a)(7) or (a)(8) is de novo. See, Young v. Lica, 156 N.C. App. 301, 304, 576 S.E.2d 421, 423 (2003) (standard of review under Rule 59(a)(7) is de novo); Kinsey, 139 N.C. App. at 373, 533 S.E.2d at 490 (standard of review under Rule 59(a)(8) is de novo because it involves alleged errors of law).
Defendant specifically contends the trial court's ruling with respect to Rule 59(a)(7) and (a)(8) was contrary to law and constituted an error in law in that the trial court failed to properly apply the precedent in Wilder v. Wilder, 146 N.C. App. 574, 553 S.E.2d 425 (2001). In Wilder, this Court held that before a court may dismiss a claim for failure to prosecute pursuant to Rule 41(b), the trial court must consider " (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." 146 N.C. App. at 578, 553 S.E.2d at 428. Defendant contends the trial court failed to consider the factors set forth in Wilder in dismissing her equitable distribution claim.
In the present case, the order denying defendant's motions pursuant to Rules 59 and 60 did not make any findings of fact. Our courts have held that "[i]n ruling on a motion for a new trial under Rule 59(a), absent a specific request made pursuant to Rule 52(a)(2), a trial court is not required to either state the reasons for its decision or make findings of fact showing those reasons." Strickland v. Jacobs, 88 N.C. App. 397, 399, 363 S.E.2d 229, 230 (1988) (citing Edge v. Metropolitan Life Ins. Co., 78 N.C. App. 624, 337 S.E.2d 672 (1985)). As defendant failed to make a timely request for specific findings of fact, the trial court was therefore not required to make them or to include the reasons for its decision in the order.
At the hearing on defendant's motions pursuant to Rules 59 and 60, the trial court heard extensive arguments from both parties and carefully reviewed the record of the parties' case. Defendant, who by then was represented by counsel, thoroughly argued how she believed the trial court had misapplied Wilder, and she proceeded to present evidence attempting to show that plaintiff had not been prejudiced by defendant's delay in proceeding with her equitable distribution claim. Counsel for both parties presented arguments in support of and against each part of defendant's motions. The trial court was presented with evidence detailing defendant's timeline with regards to her prosecution of the equitable distribution claim, her multitude of attorneys, and the length of time in which nothing was done by either party with respect to the claims for equitable distribution. The trial court also heard evidence which was not presented at the hearing on the dismissal of defendant's equitable distribution claim. Defendant presented letters from defendant to her former counsel and to plaintiff's counsel, and evidence that plaintiff had been able to conduct business transfers and transactions during the pendency of her claim, thereby evidencing, as argued by defendant, that plaintiff was not prejudiced by the delay.
In reviewing the trial court's original order dismissing defendant's claim for equitable distribution, we hold the trial court properly applied the factors set forth in Wilder, and made sufficient findings of fact. The trial court found as fact that defendant did not present evidence which would justify her delay in prosecuting her claim, and that her delay in prosecuting the claim prejudiced plaintiff's ability to conduct his business affairs. At the hearing on plaintiff's motion to dismiss defendant's claim, defendant suggested that the court, in lieu of dismissal, not require the parties to do a second business valuation. The trial court rejected defendant's suggestion, and found that "any sanction short of dismissal of the claim would not suffice." In rejecting defendant's suggestion, the court clearly considered sanctions short of dismissing her claim. Thus, the trial court complied with the requirements of Wilder, and in turn, we hold the trial court acted properly in denying defendant's motion for a new trial pursuant to Rule 59, as there was not an error of law committed in the dismissal of defendant's equitable distribution claim.
Rule 60 of our Rules of Civil Procedure provides parties with a means for seeking relief from a final judgment or order. N.C. Gen. Stat. § 1A-1, Rule 60 (2004). Pursuant to Rule 60(b), the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
. . . .
(6) Any other reason justifying relief from the operation of the judgment.
N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004). On appeal, our standard of review for motion pursuant to Rule 60 is abuse of discretion.Sink v. Easter, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975); Coppley v. Coppley, 128 N.C. App. 658, 663, 496 S.E.2d 611, 616 (1998). In order to find an abuse of discretion, a defendant must show that the trial court's decision was manifestly unsupported by reason or is one so arbitrary that it could not have resulted from a reasoned decision. Briley v. Farabow, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citing White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).
Similar to a case involving a Rule 59 motion, a trial court is not required to make specific findings of fact when ruling on a Rule 60 motion unless requested by a party, although our courts have stated that it is a better practice to do so. Grant v. Cox, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992) (citing Financial Corp. v. Mann, 36 N.C. App. 346, 243 S.E.2d 904 (1978)). "Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is 'whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion[.]'" Id. (quoting Financial Corp., 36 N.C. App. at 349, 243 S.E.2d at 907)). Thus, the issue before us is whether, given the facts which were before the trial court at the time, the court could have made findings of fact sufficient to support its conclusion that the motion to set aside the dismissal of defendant's equitable distribution claim should have been denied. See, id.
As we have held that the trial court's denial of defendant's Rule 59 motion was proper in that the dismissal of her equitable distribution claim did not constitute an error in law, and was reached after argument by both parties, we hold there was sufficient evidence before the trial court such that it could have made findings of fact had it been requested to by either party. In addition, as the trial court's decision to dismiss defendant's claim was proper in light of Wilder, we further hold the trial court's denial of defendant's Rule 60 motion was the result of a reasoned decision and did not constitute an abuse of discretion.
Affirmed.
Judges HUDSON and LEVINSON concur.
Report per Rule 30 (e).