ROSA FAYE AUTRY, Plaintiff v. RAY LYNN AUTRY, Defendant

No. COA09-1495

(Filed 19 October 2010)

**1. Civil Procedure— Rule 60—specific section identified**

There was no lack of clarity about the section of N.C.G.S. § 1A-1, Rule 60(b) upon which the trial court relied in issuing an order relieving plaintiff of a memorandum of judgment in an action for alimony and related issues. The court specifically stated that the statements made by defendant's attorney constituted "factual misrepresentation," a basis enumerated in Rule 60(b)(3).

**2. Civil Procedure— Rule 60—findings—supported by record**

The record supported the trial court's finding of fact in a proceeding under N.C.G.S. § 1A-1, Rule 60 that plaintiff or her counsel reasonably relied on a comment by defense counsel that a mortgage was no longer a lien against a house.

**3. Compromise and Settlement— settlement agreement— procured through misrepresentation—could not be ratified**

A settlement agreement procured by a misrepresentation could not be ratified by a partial execution because the fault in the judgment was one party's alleged wrongdoing in forming the agreement.

**4. Civil Procedure— Rule 52—motion for additional findings—full relief granted**

The trial court did not exceed its authority under N.C.G.S. § 1A-1, Rule 52(b) when, in response to plaintiff's motion for additional findings and conclusions, the court amended its order to relieve plaintiff entirely of a prior memorandum of judgment and formal order, as plaintiff had originally sought in her motion. There was sufficient evidence in plaintiff's motion for the additional findings.

Appeal by defendant from order entered 24 September 2009 by Judge Louis F. Foy, Jr., in Sampson County District Court. Heard in the Court of Appeals 15 April 2010.

*Warrick, Railey & Bradshaw, P.A., by Corinne A. Railey, for plaintiff.*

*Gregory T. Griffin for defendant.*

ELMORE, Judge.

Rosa Fay Autry (plaintiff) and Ray Lynn Autry (defendant) were married on 26 April 1997 and divorced on 24 November 2007. In her complaint, plaintiff requested post-separation support, alimony, equitable distribution, and attorney's fees. A trial was held on 14 January 2009 in Sampson County District Court on the issues of temporary post-separation support and attorney fees.

During their marriage, the parties occupied a house with title in both parties' names. At the time of the divorce, the house was encumbered by a second mortgage from Beneficial Mortgage Company of North Carolina (Beneficial mortgage). The Beneficial mortgage was secured by a deed of trust filed with the Sampson County Register of Deeds.

Plaintiff filed a petition for individual Chapter 13 bankruptcy on 29 April 2008. Plaintiff listed the Beneficial mortgage in her petition, but claimed she was not liable for the mortgage, although the public records indicate that both parties signed the deed of trust.

Defendant filed his own bankruptcy petition pursuant to Chapter 7 on 7 May 2008. Defendant was discharged from the Beneficial mortgage as a result of the bankruptcy proceedings.

During the trial on 14 January 2009, counsel for defendant, in response to a question by the court, made a comment that the

Beneficial mortgage was no longer a lien against the house. The following exchange took place:

> [Defense counsel]: [T]he debt has been discharged. In the petition that she filed, she's not liable for that debt. . . .
>
> Trial court: Is that no longer a lien against the house?
>
> [Defense counsel]: No.

After the court took a lunch recess, counsel for the parties discussed a possible settlement. A settlement was reached, and the parties entered into a memorandum of judgment. In this memorandum of judgment, defendant agreed, among other things, to convey his rights to the house to plaintiff and to pay plaintiff $2,500.00.

The memorandum of judgment was executed by the parties in open court. On 26 January 2009, the court entered a formal order adopting the memorandum of judgment and dismissing with prejudice all claims between the parties. Defendant executed a quitclaim deed conveying his interest in the house to plaintiff and issued a cashier's check for $2,500.00 to plaintiff.

On 5 February 2009, plaintiff filed a motion for relief from judgment, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, relating to the judgment executed on 14 January 2009. As grounds for the motion, plaintiff offered several pieces of evidence. First, plaintiff presented evidence that defendant's attorney made statements in court and on the record that the Beneficial mortgage had been discharged. Next, plaintiff presented a copy of the deed of trust as evidence that the Beneficial mortgage continued to be a lien on the property. Finally, plaintiff showed that she arrived at the settlement based on a good faith belief that the statements by defendant's attorney regarding the mortgage were true.

In a one-paragraph order issued on 18 June 2009, the trial court partially granted plaintiff's motion. The trial court made no conclusions in the order. Plaintiff filed a motion pursuant to Rule 52 of the North Carolina Rules of Civil Procedure, requesting the trial court to make "findings of fact and conclusions of law in addition to those previously made."

The trial court then amended the order and issued an amended order dated 24 September 2009 entirely relieving plaintiff of the memorandum of judgment and subsequent order. The amended order

contains several findings of fact and conclusions of law. The findings of facts include: (1) that "counsel for Defendant . . . stated to the Court that the [Beneficial] debt had been discharged"; (2) "[t]hat Beneficial Mortgage Co. of North Carolina continues to have a Deed of Trust filed with the Sampson County Register of Deeds in Book 1419 at Page 955"; and (3) "[t]hat Plaintiff's counsel relied in good faith on the factual misrepresentations made by Attorney Griffin in arriving at settlement of the case." Conclusion of law 1 states that "[p]laintiff's Counsel reasonably relied on the factual misrepresentations made by the Attorney for Defendant who is also the Defendant's bankruptcy attorney." Defendant appeals from this order.

"[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006) (citing *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975)). To show an abuse of discretion, an appellant must show that the trial court's ruling was "manifestly unsupported by reason or . . . so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citing *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

[1] Defendant first argues that it is unclear which section of Rule 60(b) the trial court used in issuing its order. We disagree.

Rule 60(b) of the North Carolina Rules of Civil Procedure provides several reasons for relieving a party of his legal obligations stemming from a final judgment or order. These reasons include:

(1) Mistake, inadvertence, surprise or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), *misrepresentation*, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2009) (emphasis added).

As noted above, the trial court in conclusion of law 1 specifically stated that the statements made by defendant's attorney constituted "factual misrepresentations[,]" a basis enumerated in Rule (60)(b)(3). N.C. Gen. Stat. § 1A-1, Rule 60(b) (2009). The trial court clearly made its holding pursuant to this provision.

[2] Next, defendant argues that the record does not support the trial court's finding of fact that plaintiff, or her counsel, reasonably relied on the comment that the Beneficial mortgage was no longer a lien against the house. We disagree.

"The trial judge has the duty to make findings of fact, which are deemed conclusive on appeal if there is any evidence on which to base such findings." *Briley*, 348 N.C. at 547, 501 S.E.2d at 655 (citing *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E.2d 901, 903 (1978)).

As to whether plaintiff relied on the statement, defendant argues that plaintiff was already aware that the Beneficial mortgage existed before the in-court statement was made or that, if she was not, her attorney could easily have discovered it by investigating. Regardless of whether or not these statements are true, the transcript contains the above-quoted exchange between defendant's attorney and the court wherein defendant's attorney stated that the Beneficial mortgage was no longer a lien against the property. As such, the record contains evidence on which this finding was based, and it is deemed conclusive.

[3] Defendant next argues that, because plaintiff accepted the benefits of the memorandum of judgment and subsequent order, she cannot now challenge their validity. Specifically, defendant claims that plaintiff ratified the memorandum of judgment and order by her acceptance and retention of the $2,500.00 cashier's check and quitclaim deed as benefits. We disagree.

For his argument, defendant relies on *Sea Ranch II Owners Ass'n v. Sea Ranch II, Inc.*, which applies the rule that "a party is equitably estopped from attacking 'the terms of [an] Order which he acknowledged, acquiesced in and attempted to modify and enforce. . . . ' " 180 N.C. App. 226, 230, 636 S.E.2d 332, 334-35 (2006) (quoting *Chance v. Henderson*, 134 N.C. App. 657, 666, 518 S.E.2d 780, 786 (1999); alter-

AUTRY v. AUTRY

[207 N.C. App. 514 (2010)]

ations in original). However, *Sea Ranch* applies that principle in the context of a motion made pursuant to subsection (b)(4) of the Rule— that is, upon grounds that the judgment is void. *Id.* The remaining cases that defendant cites concern ratification in the context of summary judgment motions and are thus inapposite to the case *sub judice. See, e.g., Boyd v. Boyd,* 156 N.C. App. 218, 576 S.E.2d 142, 2003 N.C. App. LEXIS 138 (2003) (unpublished); *Goodwin v. Webb,* 152 N.C. App. 650, 568 S.E.2d 311 (2002), *rev'd per curiam by* 357 N.C. 40, 577 S.E.2d 621 (2003); *Lowry v. Lowry,* 99 N.C. App. 246, 393 S.E.2d 141 (1990); *Hill v. Hill,* 94 N.C. App. 474, 380 S.E.2d 540 (1989).

This Court has stated before that "a void judgment [is] 'one which has a mere semblance but is lacking in some of the essential elements which would *authorize the court to proceed to judgment." Allred v. Tucci,* 85 N.C. App. 138, 142, 354 S.E.2d 291, 294 (1987) (quoting *Monroe v. Niven,* 221 N.C. 362, 364, 20 S.E.2d 311, 312 (1942)) (emphasis added). Unlike the case at hand, then, where one party argues that there was misconduct by the other party to induce the creation of the contract, subsection (b)(4) applies to judgments entered by courts unauthorized to enter them. Logically, then, the parties—whose actions are not the source of the defect in the judgment—may ratify the judgment by their conduct, and so our Courts have held. But where the "fault" in the judgment is one party's alleged wrongdoing in forming the agreement—wrongdoing discovered by the other party during execution of the agreement—logically, that partial execution cannot be construed as ratification of the agreement, and indeed our Courts have never so held. Thus, defendant's argument that plaintiff ratified the order is irrelevant in the context of Rule 60(b)(3), and it is overruled.

**[4]** Defendant's final argument is that the trial court exceeded its authority pursuant to Rule 52(b) by changing the relief afforded to plaintiff under the original order. This argument is without merit.

Rule 52(b) of the North Carolina Rules of Civil Procedure provides that the court may, upon motion of either party, "amend its findings or make additional findings and may amend the judgment accordingly." N.C. Gen. Stat. § 1A-1, Rule 52(b) (2009). Here, in response to the trial court's order, plaintiff filed a motion pursuant to Rule 52 requesting that the trial court make "findings of fact and conclusions of law in addition to those previously made[.]" The trial court then amended its order to relieve plaintiff entirely of the memorandum of judgment and formal order. Defendant argues that

this action by the trial court goes beyond making additional findings of fact under Rule 52(b), and thus exceeded the trial court's authority.

However, in plaintiff's motion, she requested that the court entirely set aside and relieve her of the memorandum of judgment and formal order. Thus, the trial court's action granted the relief sought by the motion, and amended its judgment and granted plaintiff the relief originally sought in her motion. This act was within the trial court's authority. The court may revisit its order and enter an amended order pursuant to Rule 60(b)(6)'s "grand reservoir of equitable power." *McGinnis v. Robinson*, 43 N.C. App. 1, 10, 258 S.E.2d 84, 89 (1979) (quotation marks and citation omitted); *see also Flinn v. Laughinghouse*, 68 N.C. App. 476, 478, 315 S.E.2d 72, 73 (1984) ("The broad language of Rule 60(b)(6) gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice.").

Defendant further argues that there was insufficient evidence introduced for the trial court to make additional findings of facts pursuant to Rule 52(b). However, Plaintiff included sufficient evidence in her motion for relief from judgment. This evidence included statements on the record by defendant's attorney stating that the Beneficial mortgage had been discharged and a copy of the deed of trust illustrating that Beneficial mortgage continues to have a lien on the property. These findings are thus deemed conclusive.

Affirmed.

Judges BRYANT and ERVIN concur.